[No. 2,120.]

## FRANCISCO VILLA *v.* FRANCISCO PICO AND FRANCISCA PICO.

NOTICE TO SHERIFF AS TO SALE OF HOMESTEAD.—A notice to a Sheriff, before he makes a sale, that the premises he is about to sell, are the homestead of the party giving such notice, does not render the sale void. Such notice does not create a homestead, nor is it evidence of the existence of a homestead.

APPEAL from the District Court of the First Judicial District, County of Santa Barbara.

Ejectment to recover a lot in Santa Barbara, described in the complaint as a "piece or parcel of land situated in the Town and County of Santa Barbara, California, commencing on the westerly line of Carrillo street, at the northeasterly corner of the lot of Rafael Valdez; thence running northeasterly on the line of Carrillo street one hundred and twenty feet; thence at right angles northwesterly one hundred and twenty feet; thence southwesterly parallel to Carrillo street one hundred and twenty feet; thence one hundred and twenty feet to the place of beginning."

The plaintiff, to show title to the demanded premises,

offered in evidence the record of a grant made by the Ayuntamiento of the Pueblo of Santa Barbara August 9th, 1849, of which the following is a translation:

"By a resolution of the Ayuntamiento, there was granted to Candelaria Canizares a lot of land forty yards square, adjoining the house of Manuel Cota. The Recorder gave her possession of it, and received the customary price for it."

The plaintiff also introduced a judgment in said Court in favor of the plaintiff and against Francisco Pico, and an execution issued on the judgment, and a sale thereunder of the premises and a deed of the Sheriff to the plaintiff.

The plaintiff also offered in evidence a deed from Candelaria to herself, dated June 17th, 1864, of a lot of land described as follows:

"All the right, title, and interest of the party of the first part in all that certain piece or parcel of land situate in the Town and County of Santa Barbara, State of California, bounded in front by Carrillo street; on the north by the land of Francisco Espinosa and others; on the west by open land of the Town of Santa Barbara, and on the south by the land of Rafael Valdez, being the same lot of land whereon is erected a dwelling house occupied by Francisco Pico, and the same lot of land which was granted to the party of the first part by the Ayuntamiento of Santa Barbara County, and the same piece or parcel of land which was regranted to the party of the first part, by deed from the Mayor and Common Council of the City of Santa Barbara, dated February 16th, 1858, and recorded in the office of the Recorder of Santa Barbara County, in Book "B" of Deeds, on pages seven hundred and sixty-seven and seven hundred and sixty-eight, to which record reference is hereby made for a fuller description of boundaries."

The defendant, Francisco Pico, then introduced in evidence a notice served by him on the Sheriff, before the sale, that he claimed the property as a homestead. The Court rendered judgment in favor of the defendants, and the plaintiff appealed from the judgment and from an order denying a new trial.

*Charles E. Huse,* for Appellant.

The Court erred in holding that it had no other guide for the location of the grant except its contents. The Sheriff's deed alone is sufficient to entitle plaintiff to recover. It nowhere appears that Pico was the head of a family or was entitled to a homestead. Nor does it appear, nor was it pretended, that Pico had ever recorded a homestead claim.

*A. Packard* and *Haymond & Stratton,* for Respondent.

The grant of the Ayuntamiento to Candelaria Canizares for a lot of land adjoining the house of Manuel Cota does not show that the lot granted was the one in dispute, and there is no proof that it was the same lot. The deed of the Sheriff to Villa was "rendered a nullity by the notification of defendant Francisco Pico's claim of the premises as a homestead." It is admitted by respondent that Pico occupied the lot. "Occupancy by the family is presumptive evidence of the appropriation of a place as a homestead." (*Taylor* v. *Hargous,* 4 Cal. 268.)

By the Court, RHODES, C. J.:

A short time previous to the Sheriff's sale of the premises in controversy, under the execution issued upon the judgment in favor of Villa, and against Pico, a notice was served on the Sheriff by Pico, stating that he claimed the premises as his homestead. The Court below regarded that notice as having the effect to render the sale void. The notice alone

could not have the effect which was attributed to it. Unless the premises were in fact his homestead, the notice or claim that they constituted his homestead was utterly nugatory. There is no evidence in this case, showing that the premises were his homestead, at the time of the Sheriff's sale.

For the guidance of the parties on the new trial, it is proper to say that the plaintiff failed to show title to the premises in controversy, derived from Candelaria Canizares, because he did not show that the grant made in 1849, or the deed of the Mayor and Common Council, executed in 1858, included the premises in controversy.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice CROCKETT did not express an opinion.