GIVANS ET UX V. DEWEY ET AL.

1 **Homestead:** INTENTION TO CREATE. The homestead character does not attach to property until it is actually used and occupied as a home. The reservation of a piece of land with the purpose of erecting thereon a dwelling house to be used as a home does not protect it from the lien of a judgment.

*Appeal from Muscatine District Court.*

WEDNESDAY, DECEMBER 12.

ON the 25th day of January, 1877, upon application of plaintiffs a temporary injunction was issued. Afterward plaintiffs filed their amended and substituted petition as follows:

"1. That these petitioners are husband and wife, and residents of Muscatine county, Iowa.

"2. That in the year 1872 plaintiff J. W. Givans became the owner in fee simple of lots one and two, in block one of Miller's addition to the town of West Liberty, Iowa, together with dwelling house thereon, and from said date until the ⸺ day of April, 1876, they occupied, with their family (four children), said premises as a home.

"3. That said lots are contiguous, and are together less than one-half an acre.

"4. That at the time of the purchase of the premises plaintiffs executed a mortgage thereon, securing the balance of purchase price—about four hundred dollars.

"5. That in 1876, plaintiffs being unable to discharge said mortgage, then due, and desiring to prevent the sacrifice of the entire homestead under a foreclosure, and for the express purpose of saving a portion of said premises for a homestead, arranged with the holder of said mortgage to take in payment the south part of the said two lots, upon which part was the dwelling house, and said south part was deeded in February, 1876, to said mortgagee, and the mortgage discharged as to the entire premises—thereby clearing of encumbrance the north ninety feet of said two lots.

"6. That in the pursuance of a verbal contract made at the time of said conveyance to the mortgagee plaintiffs rented the said south part sold, and the dwelling house, of him, until such time as plaintiffs could get a house built on the reserved north part, or until said mortgagee should sell the south part.,

"7. That plaintiff continued to so occupy said south parcel and house until April, 1876, when, the same having been sold by the owner, plaintiffs vacated the same, and, not having yet, built on their reserved lot, they removed their family into other rented property in West Liberty.

"8. Plaintiffs allege that the sale of the portion of the homestead and consequent removal was only in furtherance of said purpose of saving, from the wreck of the mortgage, the said north ninety feet of the two original lots, and building thereon, at the earliest possible day, a dwelling house for a home, in lieu of the one sold to pay the mortgage debt; that during the past year they have steadily labored toward that end; that from early in the spring of 1876, when they vacated the premises temporarily as stated, whenever plaintiff J. W. Givans could spare time from his employment as carpenter he has employed himself in improving said reserved ninety feet and fitting it up for building; has hauled upon it over one hundred and fifty loads of dirt and graded the surface for a building site, planted trees and shrubbery, placed blocks for foundation of the house and made other improvements thereon; that, needing to support his family by work at his trade, plaintiff J. W. Givans has, during the building season, 1876, been compelled to devote his time largely to such trade, and has been unable, during said season, to build for himself as he had intended, but alleges that his arrangements were perfected for so building the present season of 1877.

"9. That, November 4, 1876, defendant D. A. Dewey obtained judgment against plaintiff J. W. Givans, before a justice of said county, on a balance of account for merchandise incurred in July, 1875, and a few months following; that all of said indebtedness was incurred while plaintiffs were the owners of and in occupation of the entire homestead premises; that defendant Dewey has caused a transcript of said judg-

ment to be filed in the office of the clerk of the District Court of said county.

"10. That an execution has issued therefrom, and the same has been placed in the hands of defendant Jewett, the sheriff of said county—copy whereof is hereto attached and made hereof a part, marked 'Exhibit A.'

"11. That said sheriff, by virtue of said execution, has levied on said north ninety feet of said premises, and given notice of the sale thereof to satisfy said judgment (copy attached marked 'Exhibit B').

"12. Plaintiffs say that said premises are not liable to levy and sale under said execution; that they claim their unrelinquished homestead right therein; that plaintiffs and family occupied said premises as a homestead before said debt was contracted, and at the time it was incurred, and that they have in no particular abandoned said homestead, but, on the contrary, every step taken, as set out herein, has been with the express and fixed purpose of retaining said north ninety feet as a home, instead of the entire tract as originally held and occupied; that the sale of the premises would work irreparable injury to plaintiffs, deprive them of their only foundation for a home, and they are without remedy at law. Wherefore, they ask the injunction as prayed in their original petition, and that the same may be continued, restraining defendants from the sale of said premises under said execution, and that on a final hearing defendants be perpetually enjoined from enforcing said claim against said premises, and that said judgment may be held to be no lien overriding plaintiffs' homestead right in said premises, and for further and full relief as equity shall determine."

To this petition the defendants demurred as follows:

"1. That the lots or land therein described are not used by plaintiffs as a homestead, nor have they been used thus for the year last past.

"2. That there is no building or house situated thereon by which plaintiffs can occupy the same as a homestead.

"3. That by the law the homestead character does not attach

to property until it is actually occupied as a home; a mere intention is not sufficient.

"4. That no homestead character attaches to said property, because there is no house thereon in which said plaintiffs could reside."

The court sustained this demurrer, dismissed the petition, and dissolved the temporary injunction theretofore granted. The plaintiffs appeal.

*Holmes & Brooke*, for the appellant.

*Lander & Doran*, for the appellee.

DAY, CH. J. The demurrer was, we think, properly sustained. When the portion of said lots on which the building

1. HOMESTEAD: intention to create.

was situated was sold, and the north part of the lots was segregated therefrom, that part became incapable of use as a homestead. There remained, then, simply the intention to place these lots in condition for occupancy as a home at some future time. But mere intention to occupy a place as a homestead does not endow it with that character. The homestead character does not attach to property until it is actually used and occupied as a home. *Christy v. Dyer*, 14 Iowa, 438, and cases cited. It is true a party may sell a homestead and invest the proceeds in another, and a reasonable time should be allowed for the making of the change. Perhaps a party might, with the proceeds of a homestead, buy vacant land, and employ the remainder of the proceeds in erecting a house, and hold the property in the meantime exempt. But that is not what is proposed in this case. The whole homestead, with the exception of the north ninety feet of these two lots, has already been disposed of in satisfaction of a debt contracted in the acquisition of the homestead. If the homestead character is ever impressed upon what remains, it must be done, not with the proceeds of the old homestead, but with independent acquisitions. There is no provision of the law which will authorize the plaintiffs to invest all their savings in the erection of a house upon the remaining portion of these lots, and hold it as a homestead exempt from the pay-

ment of antecedent debts. The case of *Neal v. Coe*, 35 Iowa, 407, goes, perhaps, the farthest of any case decided in this court in support of the homestead exemption, but not far enough to sustain the exemption in this case.

AFFIRMED.