WINDLE v. BRANDT.

| 55 | 221 |
| 105 | 217 |
| 55 | 221 |
| 122 | 404 |
| 122 | 405 |

1. **Homestead:** SALE OF PORTION: LOSS OF HOMESTEAD CHARACTER. The sale of the portion of a homestead upon which the house is situated, without an intention to build upon and continue to occupy the remainder, deprives such remainder of its homestead character, and it becomes subject to judgments against the owner from the time he ceases its occupancy as a homestead.

2. ——: ——: TERMINATION OF OCCUPANCY. Such occupancy terminates with the surrender of possession of the portion sold. Although the former owner continues to occupy the same as a tenant, and a purchaser of the portion retained by him after such date takes it subject to the lien of judgments existing against his grantor.

3. **Judicial Sale:** PURCHASE BY EXECUTION DEFENDANT. The purchase at judicial sale by one execution defendant of property of another execution defendant is not rendered invalid by a subsequent assignment to the former of the unsatisfied portion of the judgment.

*Appeal from Polk Circuit Court*

TUESDAY, DECEMBER 14.

ACTION in equity to determine the title to certain real estate. Both parties claim under Geo. W. Jones. The plaintiff under a conveyance from him, and the defendant under a sheriff's deed made in pursuance of a sale under an execution against Jones.

Judgment for the defendant and the plaintiff appeals.

*H. W. Maxwell* and *Nourse, Kauffman & Jackson,* for appellant.

*Phillips, Goode & Phillips,* for appellee.

SEEVERS, J.—Geo. W. Jones owned and occupied as his homestead in 1864 and thereafter a parcel of land about ninety-nine feet front by one hundred and seventy-one feet deep in the city of Des Moines.

On the 28th day of May, 1878, he executed a conveyance

whereby he conveyed what may be well designated as the west sixty feet to McClain. The house occupied by Jones as a home was situated on the parcel so conveyed.

The conveyance was made in pursuance of an exchange of other real estate owned by McClain, on which was situated a dwelling-house, and three hundred dollars paid Jones. Mc-Clain declined to complete the transaction until certain supposed liens were removed. Therefore, the deeds of the respective parties were deposited as escrows until this could be accomplished. The liens were removed on or before June 10th, 1878, when deeds were delivered, and that to McClain filed for record, and the latter moved into the house and took possession of the real estate conveyed to him by Jones on the 24th day of June. Jones also remained in the house with McClain until July 3d. No reservation was made of the possession of the premises by Jones for any length of time.

On July 1st, 1878, Jones conveyed the east thirty-nine feet of what had been the homestead tract to the plaintiff. If the portion of said premises conveyed to the plaintiff was not the homestead of Jones at the time it was so conveyed the defendant is the owner thereof under the sheriff's sale and deed. As to this question we have to say:—

I. The statute provides that "the homestead must embrace the house used as a home by the owner thereof, and if

1. HOME-STEAD : sale of part : loss of homestead character. he has two or more houses thus used by him at different times and places he may select which he will retain as his homestead." Code, § 1994.

It is clear, we think, that to constitute a homestead there must be a house situated on real estate which is used as a home.

When Jones voluntarily conveyed to McClain the west sixty feet, on which was situated the house required to constitute a homestead, he parted with his homestead right unless he intended to retain the residue of said premises and thereon erect a house which he intended to use as a home, and thus constitute and make it his homestead. There is no

evidence tending to show such intent, but the contrary, we think, fairly appears.

It is true, we think, that a person may sell and convey his homestead in parcels and at different times, and the purchaser will obtain a good title, notwithstanding there may be judgments against the owner of the homestead. But in making a sale and conveyance of a part care must be taken that it does not operate as an abandonment of the whole, or that the homestead character has not been destroyed. When Jones conveyed to McClain, the other portion of the premises became segregated therefrom, and incapable of use as a homestead unless there was an intent to so use and occupy it. *Givans v. Dewey*, 47 Iowa, 414.

It is true Jones was in one sense in possession of the house which he had used as a home at the time he conveyed to the plaintiff. But he was a mere tenant at will. This being so he was not in possession by virtue of a homestead right. A tenancy at the will of another, under the circumstances, is less than and antagonistic to the possession required to constitute a homestead. When the conveyance was made to McClain, and the latter conveyed to Jones, the premises so conveyed to the latter became his homestead, although he had not taken actual possession thereof, if such was his intent, which was consummated by the actual occupation thereof as a home, and the premises conveyed to McClain became his homestead. It follows that said premises could not be the homestead of both Jones and McClain at the same time.

When a person sells and conveys his homestead, and at the same time acquires another, the latter is exempt from execution to the extent of the former. A person, under the statute, may have two homesteads at the same time, but there must be houses thereon which are used as homes. Both are not exempt from execution. He, however, may choose which he will so hold.

In support of their view counsel for the appellant have

cited *Brown v. Coon*, 36 Ill., 243; *Fishback v. Lane*, Id., 437; *Redfern v. Redfern*, 38 Id., 512; *Shephard v. Cassiday*, 20 Texas, 24; *Gouhenant v. Cockrell*, Id., 96; *Wells v. Van Boskirk*, 32 Id., 360.

A careful examination of these authorities satisfies us they are not applicable.

II.   The judgment and execution under which the defendant claims were against Jones, the defendant and another.

3. JUDICIAL sale : purchase by execution defendant.   The sale under the execution was on November 22d, 1878, at which time the defendant purchased the premises in controversy.   On the 3d day of December thereafter the portion of the judgment unsatisfied by the sale was assigned to A. W. Brandt, a son of the defendant.

Conceding this assignment to have been in fact made to the plaintiff, or for his use and benefit, as is claimed, we do not see how such fact can affect the validity of the sale and purchase, which had occurred some days previous thereto. The defendant had the right, we think, to purchase the property of Jones at the execution sale, although he was a party to the judgment and execution.

AFFIRMED.