ANTONIO SOLARY, APPELLANT, VS. HENRY C. HEWLETT, APPELLEE.

The actual use and occupation by the owner and his family of premises designed as a homestead, is essential to impress the property with that character. The mere intention, at some future day. to repair and occupy them as such, where such intention is not manifested by acts as well as words, is not sufficient.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*M. C. Jordan* for Appellant.

*Cockrell & Walker* for Appellee.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

· The appellant filed his bill in chancery in the Fourth Judicial District asking that certain real estate of the appellee, claimed by him as a homestead, might be decreed not exempt as against a judgment lien of him, the said appellant.

The bill charges that this appellant, on the 20th day of November, 1879, commenced a suit by attachment against Balch and Hewlett, this appellee; that such attachment was levied upon the property of Hewlett, being lot No. 4, in block 51, in the City of Jacksonville, there being no partnership property of the firm to be found in the county.; that appellant recovered judgment in said suit in January, A. D. 1880; that execution was duly issued upon the same, and that the property theretofore attached was levied upon and advertised for sale; that subsequent to such advertisement of the property for sale under and by virtue of the execution Hewlett filed in the office of the County Judge his statement, .containing a description of said property, claiming such property as his homestead, and demanded of the sheriff that the same be released from the levy; that the sheriff did release the property from the levy, and refused to sell the same. The appellant claims that such property is not exempt as a homestead, and charges that it was purchased before the contraction of the debt upon which the judgment was founded; that the property never has been occupied as a dwelling. place or place of business by Hewlett; that it contains three dwelling houses, which have been leased to and occupied by tenants ever since such purchase by him; that the lot contains less than one-half acre, and that Hewlett · lives upon other premises, the property of his wife.

The appellee (Hewlett) in his answer admits the recovery

of the judgment, the issuing of execution thereon, and the interposition of the claim of exemption as set up in the bill. He alleges that he has a wife and four children; that from his savings as a day laborer he purchased said property, and at that time he owned no lands, and had not personal property, including such savings, to the amount of one thousand dollars; that he purchased it with the openly-avowed intention of making it a home and residence of himself and family; that it was not in a condition of repair suitable for a residence, but that he intended to make the necessary repairs and occupy the premises as a homestead as soon as his means would admit. He alleges that his occupation of other premises is temporary and subsidiary to the purpose of acquiring a home on lot 4, block 51. He further says that prior to the levy, as set up in the bill, he had not set apart or selected any homestead by statement in writing, as authorized by law; that he did not at the time of the levy, nor does he now, own any other lands or lots than the lot now claimed as a homestead.

The cause was heard on the bill and answer, and the court made a decree in the words following: "It is ordered and decreed that the said described lot number four, in block fifty-one, and a dwelling house situated thereon, suitable for the residence of the defendant and his family, together with the outbuildings properly appertaining to the same, be and the same are hereby set aside as the homestead of the said Henry C. Hewlett, and declared exempt from levy and sale under said execution."

From this judgment of the court this appeal is brought, and the appellant assigns, in his petition of appeal, the following errors:

I. That no part of the property under the case as made by the pleadings was exempt according to the true intent and meaning of the Constitution and laws of Florida.

II. That if even part of the improvements on said lot were exempt, the decree of the court was imperfect and inadequate, and was virtually a denial of the relief asked for by complainant, inasmuch as it ordered that the entire lot and a dwelling house and appurtenances thereon be set aside for the defendant as his homestead, and made no provision in favor of appellant as to what disposition should be made of the other dwelling houses and improvements, nor any provision whatever for appellant's relief.

. In the case of Oliver, Appellant, vs. Snowden and Turner, Appellees, decided at this term of this court, we have had occasion to determine that a homestead, within the meaning of the exemption clauses of the Constitution and the statutes, is the place of the actual residence of the party and his family, and that the simple filing a claim under the laws does not exempt the property unless it is occupied as a home by the party so claiming its exemption. This case differs from that simply in this: Here the appellee alleges that he was intending to repair the premises so claimed by him as exempt as soon as he could accumulate the means to do so, and then to occupy them with his family as a homestead. He does not deny that the premises were occupied by tenants, nor does he allege that he had taken any steps towards making the repairs he considered necessary to make the tenements habitable for himself and family. He had, as he says, an intention at some future time, when he could accumulate the means from his wages as a day laborer, to make those necessary repairs. In the case Grosholz vs. Newman, 21 Wall., 486, the court says : " It is admitted that the deed was good, if the lots described in it were not, in fact, a part of the homestead at the time of its execution. It rests upon the complainants, therefore, to prove that they were. To do this it must be made to appear that they were actually used, or mani-

festly intended to be used, as part of the home of the family." There does not appear to have been any intention upon the part of the appellee, manifested by word or deed, to occupy the premises as a homestead, and the claim to the property, as homestead property, was not filed until after the levy of the execution upon the same, and the advertisement by the sheriff of its sale.

In Elston & Green vs. Robinson, 23 Iowa, 210, in their opinion the court use this language: "Under our statute there is an unbroken series of decisions, that occupancy, the use of the house by the family as a homestead, are essential requirements to impress the property with the character of a homestead. A mere intention to occupy it, though subsequently carried out, is not sufficient." And cites 14 Iowa, 438; 14 Iowa, 527; 10 Iowa, 51; 1 Iowa, 435. See also Neal vs. Coe, 35 Iowa, 407; Givans vs. Dewey, 47 Iowa, 414.

In this case there is no evidence, save the allegation in the answer, that the appellee intended to repair and reside on the premises. He had taken no steps, had done no act to impress it with the character of a homestead, although he owned it several months before contracting the debt, upon which the judgment was founded. His intention cannot avail him under these circumstances.

The decree is reversed.