PHILINDA S. EVANS v. EMIL CALMAN ET AL.

*Judgment — Summons — Mistake in return — Execution — Married women — Estoppel — Homestead.*

1. A mistake in an officer's return by which a summons issued March 2, 1888, and returnable March 10, 1888, is shown to have been served March 3, *1886*, corrects itself, and will not void an *ex parte* judgment based thereon.

2. A levy of an execution made after the return-day is void.

3. Where, after personal service of summons, a married woman allows a judgment to be taken against her *ex parte* upon a note signed by herself and husband, she cannot, in a suit in equity brought to set aside a levy made under an execution issued on the judgment, attack the judgment as invalid as to her because the consideration of the note was not for her individual benefit or for the benefit of her estate, it being her duty to have made her defense in the original suit.

4. A married woman and her daughter owned a lot on which there were two houses, both of which were rented at the time of the levy of an execution issued on a judgment rendered against the mother and her husband, and had been for some time prior thereto in a condition for occupancy, the husband and wife residing elsewhere. And it is held that the mother cannot change the character of the property to a homestead by saying that she intended at some future time to occupy it as a home.

Appeal from Mecosta. (Palmer, J.) Submitted on briefs June 16, 1892. Decided July 1, 1892.

Bill to set aside an execution levy. Complainant ap-

peals.    Decree affirmed.    The facts are stated in the opinion.

*Dumon & Cogger,* for complainant, contended:

1. The return of the officer showing when and in what manner the summons was served is the only evidence upon which the justice can act, and only a regular return can give him jurisdiction; citing *Wight v. Warner,* 1 Doug. 384; *Clark v. Holmes,* Id. 390; *Campau v. Fairbanks,* 1 Mich. 152; *Withington v. Southworth,* 26 Id. 381; *Town v. Tabor,* 34 Id. 262; *Smalley v. Lighthall,* 37 Id. 348; *Alverson v. Dennison,* 40 Id. 180; *Isabelle v. Iron Cliffs Co.,* 57 Id. 126; and parol evidence is not admissible to show when the summons was in fact served; citing Freem. Judg. § 518; *Mudge v. Yaples,* 58 Mich. 307; *Wedel v. Green,* 70 Id. 642; nor can jurisdiction be obtained by a recital in the docket of a proper return of service; citing Freem. Judg. § 519; nor is there any presumption in favor of jurisdiction in justice's court; citing *Spear v. Carter,* 1 Mich. 19; *Saunders v. Manufacturing Co.,* 27 Id. 520; and a want of jurisdiction may be shown whenever a judgment is about to be used in any proceeding, whether direct or collateral; citing *Clark v. Holmes,* 1 Doug. 400; *Palmer v. Oakley,* 2 Id. 492; *Campau v. Fairbanks,* 1 Mich. 152; *Wilson v. Davis,* Id. 160; *Chandler v. Nash,* 5 Id. 416; *Elliott v. Dudley,* 8 Id. 64; *Allen v. Carpenter,* 15 Id. 32; *Wall v. Trumbull,* 16 Id. 235; *Smalley v. Lighthall,* 37 Id. 350; *Reilly v. Stephenson,* 62 Id. 515; *Iron Works v. Bresnahan,* 66 Id. 489.

2. The judgment is void upon its face, because the docket entry does not contain the date of its rendition, nor the date of the appearance of the plaintiffs, or either of them, by their attorney in said suit, both of which entries are essential to a valid judgment; citing How. Stat. § 7053; *Mudge v. Yaples,* 58 Mich. 307; *Post v. Harper,* 61 Id. 434; *Weaver v. Lammon,* 62 Id. 366; *Wedel v. Green,* 70 Id. 642.

3. A homestead may be claimed in lands held as a tenant in common with another; citing *Sherrid v. Southwick,* 43 Mich. 515; *Lozo v. Sutherland,* 38 Id. 168; and in lands to which the wife holds title; citing *Orr v. Shraft,* 22 Mich. 260; *Hodson v. Van Fossen,* 26 Id. 68; *Henry v. Gregory,* 29 Id. 68; *Rowe v. Kellogg,* 54 Id. 206; *Buckingham v. Buckingham,* 81 Id. 92; and in lands although never occupied as such; citing *Reske v. Reske,* 51 Mich. 541; *Karn v. Nielson,* 59 Id. 380; *Earll v. Earll,* 60 Id. 30; *Stanton v. Hitchcock,* 64 Id. 328; *Deville v. Widoe,* Id. 593.

*C. H. Thrall,* for defendants.

GRANT, J.   The defendants Calman and Carlbauch recovered a judgment in justice's court against the complainant and John S. Evans, and obtained a transcript of the judgment, which they filed with the clerk of the circuit court.   Upon this transcript execution was issued, and levy made by defendant Merritt, the sheriff, and the land advertised for sale.   The land was purchased by complainant and her daughter, each owning an undivided one-half interest.   This bill is filed to set aside that levy as a cloud upon complainant's title.   Decree was entered dismissing the bill.

The grounds upon which relief is sought are as follows, viz.:

1. The judgment is void for want of jurisdiction of the justice to render it, because (a) the return of the officer who served the summons shows that it was served March 3, 1886, instead of March 3, 1888; (b) the justice's docket does not contain the date of the appearance of plaintiffs by their attorney, nor the date of rendering judgment.

2. The levy was made after the return-day of the execution.

3. The judgment was upon a note signed by complainant and her husband, the consideration of which was not for her individual benefit or estate.

4. The property was intended for a homestead, and is therefore exempt.

1. The mistake of date in the return of the officer corrects itself.   The summons was issued March 2, 1888, returnable March 10, 1888.   The defendant was not, therefore, misled by the officer's return.   The date mentioned in the return was an impossible one, and no possible doubt could exist but that the date should be 1888, instead of 1886.   *Johnson v. Shepard,* 35 Mich. 121. The justice's docket clearly shows that the date of the appearance of plaintiffs' attorney and the date of render-

ing judgment was March 10, under which date all these statements are made.

2. The levy was not made after the return-day of the execution, as appears by the record. The execution was issued July 20, 1889; levy was made July 23 of the same year; notice of sale was given June 17, 1890, which notice contained the identical description in the notice of levy. Another levy appears to have been made January 6, 1890, but the description of the land is not the same as in the first notice. Had the sheriff proceeded under the second levy, the proceedings would be void.

3. The defendant was served with the summons, and having failed to make her defense then, as was her duty, she cannot now be heard in a court of equity. *Wilson v. Coolidge*, 42 Mich. 112.

4. The evidence does not sustain complainant's claim of a homestead. She and her husband were living elsewhere. There were two houses upon the property, both of which were rented. The property had been for some time in a condition for occupancy. She cannot now change its character by saying that she intended at some future time to occupy it as a home.

Decree affirmed, with costs.

The other Justices concurred.