POWER ET AL., RESPONDENTS, *v.* BURD ET AL., APPEL-
LANTS.

[Submitted March 4, 1896. Decided March 9, 1896.]

HOMESTEAD—*Sa'e under execution—Occupancy.*—Actual occupancy of land claimed as
    a homestead is necessary in order to exempt it from sale on execution under section
    322, First Division of the Compiled Statutes, allowing a judgment debtor a homestead
    in a given quantity of land "and the dwelling house thereon, and its appurtenances,
    owned and occupied" by the debtor, and where no improvements of any kind have
    been made upon land and neither the owner nor his family have ever occupied any
    part of it, the sale upon execution cannot be prevented by a mere declaration of in-
    tention to claim and occupy the land as a homestead.

ACTION TO REFORM DEED—*Parties.*—Where a judgment debtor has no homestead
    rights in lands sold under execution, his wife is not a necessary party to an action by
    the judgment creditor to reform the deed by which the debtor acquired title to the
    land in controversy.

SAME—*Evidence—Judgment roll.*—Where land of a judgment debtor has been sold under
    an execution issued on a deficiency judgment on foreclosure of a mortgage, the judg-
    ment roll in the foreclosure case is admissible to prove the original indebtedness, in
    an action by the judgment creditor to reform the deed by which judgment debtor ac-
    quired title to the land.

HOMESTEAD CLAIMANT—*Evidence of good faith.*—A homestead filing on public lands is
    admissible on the question of a judgment debtor's good faith in claiming a homestead
    in other lands upon which execution had been levied.

*Appeal from Eleventh Judicial District, Teton County.*

ACTION to reform deed.   The cause was tried before DU
BOSE, J., without a jury.   Plaintiffs had judgment below.
Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action to reform a conveyance to certain real
estate.

From the record it appears that on the 20th day of May,
1890, a judgment was entered in the district court of Choteau
county in favor of these plaintiffs and against defendant Julian
F. Burd and others, foreclosing a mortgage executed thereto-
fore by Julian F. Burd and wife on certain real estate for the
sum of $4,547.40, and the lands described in said mortgage
were ordered sold to satisfy the mortgage debt.   In and by
said judgment it was also adjudged and decreed that, if the

moneys arising from the sale of said land were insufficient to pay the amount of the judgment, interest, and costs, the plaintiffs should have a deficiency judgment for the balance certified by the sheriff. There was a deficiency of $2,797.44 as shown by the return of the sheriff. Execution was issued on the deficiency judgment, and levied on the real estate in controversy, which was sold to the plaintiffs by the sheriff on the 13th day of October, 1890. The defendant Julian F. Burd having failed to redeem the real estate, on the 1st day of July, 1891, the sheriff executed his deed thereto to the plaintiffs.

About the time the sheriff levied the execution on the land in controversy to satisfy the deficiency judgment the defendant Julian F. Burd served a written notice on him that he claimed the same to be exempt from execution as his homestead.

It seems that defendant Julian F. Burd purchased the real estate in controversy from defendant William Turner, and that Turner executed a deed thereto to Samuel Burd, as trustee for Julian F. Burd. This deed was executed June 5, 1886. The deed, by mistake, described the land as the s. e. $\frac{1}{4}$ of s. e. $\frac{1}{4}$ of section 9, township 28 n., range 7 w.; whereas the land should have been described as the s. e. $\frac{1}{4}$ of said section 9.

The case was tried to the court without a jury. The court entered judgment reforming the deed from Turner to Samuel Burd, and decreeing title to the land in controversy in the plaintiffs, and that defendant Julian F. Burd and those claiming under him, have no title whatever in or to said land. From the judgment defendant Julian F. Burd appeals.

*James Donovan,* for Appellants.

The statutes of Michigan and Wisconsin are substantially similar to section 322, First Division of the Compiled Statutes. The decisions of those states sustain the proposition that actual occupancy is not absolutely essential to maintain a claim of homestead exemption. See *Reske* v. *Reske,* 51 Mich. 541, 16 N. W. 895; *Deville* v *Widoe,* 64 Mich. 593; *King* v.

*Welburn*, 83 Mich. 195; *Miles* v. *Hobbs*, 76 Mich. 126; *Scho-field* v. *Hopkins*, 61 Wis. 370. See,. also, *Hanlon* v. *Pollard*, 17 Neb. 368, 22 N. W. 767.

*Walsh & Newman*, for Respondents.

Our statute, Code of Civil Procedure, section 322, exempts from forced sale a homestead owned and occupied by any resident of this state. It is not a certain area of land that is exempt, but a homestead consisting of a certain area of land and within a certain value. · The land to be exempt must be impressed with the character of a homestead, and be owned and occupied by a resident of the state. In addition to ownership and occupancy, that exception is limited and defined by the word "homestead" as that word is defined by the courts and text writers. "(Thompson on Homesteads and Exemptions," § 100.) Our statute is like the statutes of California and Minnesota. The courts of California, in a long line of decisions hold that actual occupancy·is necessary to acquire a homestead in land. (*Cook* v. *McChristian*, 4 Cal. 23; *Holden* v. *Pinney*, 6 Cal. 234; *Carey* v. *Teel*, 6 Cal. 626; *Lucas* v. *Paine*, 7 Cal. 89; *Parker* v. *Williams*, 7 Cal. 246; *Gregg* v. *Bostwick*, 33 Cal. 220; *Mann* v. *Rogers*, 35 Cal. 316; *Villa* v. *Pico*, 41 Cal. 469; *Prescott* v. *Prescott*, 45 Cal. 58; *Babcock* v. *Gibbs*, 52 Cal. 629; *Aucker* v. *McCoy*, 56 Cal. 524; *Pfister* v. *Daly*, 68 Cal. 572; *Tromans* v. *McCann*, 27 Pac. 1094; *Lubbock* v. *McCann*, 82 Cal. 228.) Our statute is exactly the same as the Minnesota statute. The courts of that state hold that actual occupancy is necessary. (*Quehl* v. *Peterson*, 47 Minn. 13, 49 N. W. 390; *Tillosion* v. *Millard*, 6 Minn. 419; *Summer* v. *Sawtelle*, 8 Minn. 272; *Kelly* v. *Baker*, 10 Minn. ·154; *Krusen* v. *Mau*, 15 Minn. 116; *Kelly* v. *Dill*, 23 Minn. 435.) In Iowa it is held that making improvements on land with the intention of occupying it as a homestead does not exempt it from forced sale. A claim of occupancy is not sufficient. (*First National Bank* v. *Hollingsworth*, 43 N. W. 536; *Charles* v. *Lamberson*, 1 Iowa 435.) Without attempting ⊦o collate all the authorities on this proposition we refer to the following ad-

ditional cases :　*Tillar* v. *Barr*, 21 S. W. 34 Ark.; *Williams* v. *Dones*, 31 Ark. 466; *Patrick* v. *Baxter*, 42 Ark. 175; *Russ* v. *Henry*, 3 At. 491, 59 Vt. 391; *Keyes* v. *Bumpt*, 9 At. 598, 58 Vt. 388; *Archibald* v. *Jacobs,* 6 S. W. 177 (Tex.) ; *Curran* v. *Woodward*, 62 N. H. 63; *Oliver* v. *Snowden*, 18 La. 833; *Drucker* v. *Rosentien*, 19 La. 833; *Hayden* v. *Slaughter*, 8 So. 919 (La.) ; *Ketchell* v. *Boyeson*, 21 Ill. 40; *Tourville* v. *Pierson*, 39 Ill. 446; *Hotchkiss* v. *Brooks*, 93 Ill. 386; Thompson on Homesteads and Exemptions, §§ 100–105; Waples on Homesteads and Exemptions, pp. 176 to 186.

PEMBERTON, C. J.—The mistake in the description of the land in the deed from Turner to Samuel Burd is admitted.　It is conceded that Samuel Burd held the land in trust for Julian F. Burd.　Both parties to this appeal ask that the deed be reformed.　The plaintiffs ask that after the reformation of the deed the title thereto be decreed to be in them, while the defendant Julian F. Burd asks that he be decreed the title thereto as a homestead.

We think the only question of any materiality or merit involved in this appeal is as to whether defendant Julian F. Burd is entitled to have the land in controversy adjudged to him as a homestead.　Although the defendant Julian F. Burd claims in his answer to have occupied the land in controversy since June 5, 1886, as a homestead, still, on the trial of the case, as shown by the record, he admitted that neither he nor his family ever resided on or occupied the land, or any part thereof.　It is further shown that defendant Burd, on the 20th day of May, 1887, made a homestead entry of public land under the laws of the United States.　It is conclusively shown that the defendant Burd never made any kind of improvement on the land in controversy, and that neither he nor his family ever occupied any part of it in any manner or for any purpose whatever.

The statute of this state in relation to homesteads (Code Civil Procedure) under which this case was tried is as follows:

‘‘Sec. 322.　A homestead consisting of any quantity of land

not exceeding one hundred and sixty acres used for agricultural purposes, and the dwelling house thereon, and its appurtenances, to be selected by the owner thereof, and not included in the town plot, city, or village; or, instead thereof, at the option of the owner, a quantity of land not exceeding in amount one-fourth of an acre, being within a town plot, city, or village, and the dwelling house thereon, and its appurtenances, owned and occupied by any resident of this territory, shall not be subject to forced sale on execution or any other final process from a court: *provided*, such homestead shall not exceed in value the sum of two thousand five hundred dollars."

Our statute is exactly the same as that of Minnesota. The courts of that state hold that actual occupancy is necessary to constitute a homestead in land. (*Quehl* v. *Peterson*, 47 Minn. 13, 49 N. W. 390; *Tillotson* v. *Millard*, 7 Minn. 513 (Gil. 419); *Sumner* v. *Sawtelle*, 8 Minn. 309 (Gil. 272); *Kelly* v. *Baker*, 10 Minn. 124 (Gil. 154); *Kresin* v. *Mau*, 15 Minn. 116; *Kelly* v. *Dill* 23 Minn. 435.)

Under a similar statute to ours the supreme court of California, in many decisions, holds that actual occupancy is necessary to acquire a homestead in land. (*Gregg* v. *Bostwick*, · 33 Cal. 220; *Villa* v. *Pico*, 41 Cal. 469; *Babcock* v. *Gibbs*, 52 Cal. 629; *Lubbock* v. *McMann*, 82 Cal. 226, 22 Pac. 1145; *Tromans* v. *Mahlman* (Cal.) 27 Pac. 1094. See, also, *Tillar* v. *Bass* (Ark.) 21 S. W. 34; *Hotchkiss* v. *Brooks*, 93 Ill. 386; Thompson on Homesteads and Exemptions, §§ 100–105; Waples on Homesteads and Exemptions, pp. 176–186.)

In *Bonner* v. *Minnier*, 13 Mont. 269, 34 Pac. 30, the authorities are collated on this subject. While in this case there was a dissenting opinion, there was no difference of opinion that under our statute occupancy was necessary to acquiring a homestead in land. The authorities are too numerous to cite which hold that an intention to claim and occupy land as a homestead is not sufficient to constitute a homestead.

Counsel for appellant rely upon *Reske* v. *Reske*, 51 Mich. 541, 16 N. W. 895, in which case actual occupancy was not required. But in *Reske* v. *Reske* the claimants had fenced the

lot which was procured for a home. They were proceeding to improve and occupy it to the extent of their means; they had their domestic animals on it; they came to live in the immediate vicinity of the lot; they dug a well; they put up outbuildings. Everything but building the dwelling was done before levy. Here something more had been done and was being done by the claimants than merely declaring their intention to claim and occupy the land in question as a homestead. So in the other cases cited by appellant. In the case at bar appellant had done, at the time of levy, nothing, except to declare his intention to claim and occupy the land in controversy as a homestead, nor does it appear that he has done anything since towards improving or occupying the land as a homestead. We think it may be said that, according to the great weight of authority under statutes like ours, the mere declaration of an intention to claim land as a homestead is insufficient to constitute the land a homestead.

The appellant, during the trial objected to the introduction in evidence of the papers constituting the judgment roll in the suit to foreclose the mortgage mentioned in the statement, and assigns their admission as error. It was competent to introduce these papers to show the indebtedness of defendant Julian F. Burd to the plaintiffs as alleged in the complaint. Counsel for appellant contends that, as Julian F. Burd's wife was a party to the suit to foreclose the mortgage, she should also have been a party to this suit. We do not think so. Since we have seen that the claim of homestead in the lands in controversy made by defendant Burd cannot be sustained, his wife has no interest in this suit which renders her a necessary party. It is not contended that the judgment in the mortgage suit, spoken of above, is void, or that any of the proceedings to carry said judgment into effect were void. The judgment and proceedings in that case cannot, therefore, be collaterally attacked in this case.

The judgment roll in the mortgage case was admitted in evidence in this case to establish the indebtedness of defendant Julian F. Burd to plaintiffs. For that purpose it was competent.

The homestead filing on public lands by defendant Burd, made in 1887, was properly admitted in evidence, as tending to show whether or not appellant's claim of homestead in the lands in controversy was made in good faith.

We are of the opinion that this case was fairly tried, and the proper result reached. The judgment appealed from is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.

