E. N. WHITE v. C. DANFORTH, Appellant.

Homestead.    Mere intent to occupy premises as a home at some
1    future time will not impress the property with a homestead
    character.

Same.    A leashold interest in property which is subject to sale on
2    execution may constitute a homestead.

Change of Homestead:    MODIFICATION OF LAW.    A homestead ac-
3    quired under the Code of 1873, permitting the same to consist
    of a house and lots not contiguous, loses its homestead char-
    acter where a change is made to another house subsequent to
    the modification of the law made by the Code of 1897.

*Appeal from Madison District Court.*—HON. A. W. WILKIN-
SON, Judge.

MONDAY, JANUARY 25, 1904.

ACTION in equity to cancel sheriff's sale of lots because
of being exempt therefrom.   The petition was dismissed, and
plaintiff appeals.—*Affirmed.*

*Jno. A. Guiher* for appellant.

*Steele & Robbins* for appellee.

LADD, J.—The plaintiff acquired lots three and four in
block four, of Railroad Addition to Winterset, in 1883.   The
Iowa Live Stock Commission Company recovered judgment
against him in 1894, and subsequently assigned it to C. Dan-
forth.   Execution issued in 1901, and the lots were bid in at
sheriff's sale by the judgment holder.   No dwelling house
had been erected thereon.   In 1884 the plaintiff built a hay
barn on them, and later another barn for horses, a corncrib,
and a chicken house.   For several years, up to 1895, cattle
and hogs were fed thereon for the market.   During the fifteen

years last past he has kept the teams with which he has earned a livelihood there. The lots were surrounded by a chicken-tight fence, and through an aperture therein the chickens passed back and forth to the place where he now lives. He has continuously improved the lots, with the purpose, as he testified, of erecting a house thereon. Whether this was to be done with a view of occupying it with his family as a dwelling, the record fails to disclose. Nor does it seem material, as the mere intent of occupancy as a homestead in the future would not impress the premises with that character. *Givens v. Dewey,* 47 Iowa, 414; *Windle v. Brandt,* 55 Iowa, 221. His sole contention is that he so used the lots in connection with other property as to impress them with the homestead character. In 1882 he acquired lot two in block three in the same addition, a block distant from the lots in controversy, and lived there with his family as owner until it was sold on execution to satisfy a mortgage for part of the purchase price. A sheriff's deed was issued in 1896, but he continued in possession as tenant about a year longer. He then moved to the Boone house, about two blocks from the lots, and lived there as lessee until two or three years before the trial, which occurred December 4, 1901, when he took up his present residence in the Mattox house in the next block, "across the corner" from these lots. It may be conceded that, while the improvements on lot two in block three seemed to be adequate for such use, the evidence shows that plaintiff, who has always done considerable teaming, has kept his horses, chickens, wagons, and other tools on these lots ever since he obtained them. But the statute exacted not the necessary, but the actual, use in connection with the homestead, and this the evidence establishes so long as appellant owned lot two in block three. The record is silent as to the character or term of the leases under which he occupied the house as a tenant. That a leasehold interest which may be sold on execution may constitute a homestead appears from *Pelan v. De Beevard,* 13 Iowa, 53; *Wertz v. Merritt,* 74 Iowa, 683; *Silvey v. Emerson* (Minn.) 60 N. W.

Rep. 23. Whether a lesser interest, such as a tendency at will or sufferance, may constitute a homestead, we shall not now stop to determine. See *Windle v. Brandt, supra; Therne v. Bethenoid,* 106 Iowa, 697. For, conceding him to be entitled to so claim the leasehold interest in each of them, he is not entitled to the relief sought in this action. True, under section 1995 of the Code of 1873, the homestead might contain one or more lots or tracts of land not contiguous. *Kelley v. Williams,* 110 Iowa, 153. But the law was modified by the Code, which went into effect October 1, 1897, and the statute now provides that the homestead "must embrace the house used as a home by the owner, and, if he has two or more houses thus used he may select which he will retain. It may contain one or more contiguous lots or tracts of land with the buildings or other appurtenances thereon, habitually and in good faith used as part of the same homestead." Section 2977, Code 1897. Had he continued to live in the Boone house, the change in the statute might not have affected his right. *Sayers v. Childers,* 112 Iowa, 677. But subsequent to the change in the law, he surrendered possession of this house, and moved into the Mattox house, not contiguous to the lots in controversy. While the statute permits the acquirement of a new homestead in the place and stead of the old one, that acquired must be such as the law authorizes when the change is made. By giving up his residence in the Boone house, it was segregated from the lots, and, as they were not contiguous to his new residence, they lost their homestead character. *Givans v. Dewey, supra.* If it can be said that the Mattox house then became his homestead, these lots did not become part of it, because not contiguous thereto, as the statute then required. As there was no house on the lots used as a home, and as they were not contiguous to the lot or tract of land so used when he acquired the leasehold therein, they were not exempt from execution, and the petition was rightly dismissed.—AFFIRMED.