EAGLE FEATHER, Appellant, v. McHENRY et al, Respondents.

(190 N. W. 328.)

(File No. 5110. Opinion filed October 27, 1922.)

**Homestead—Mere Intention to Occupy Land at Some Future Time Insufficient to Establish Homestead Right.**

The mere intention to occupy land at some future time is insufficient to establish a homestead right in the land, but such intention should be evidenced by unmistakable acts showing an intention to carry out such design followed by actual occupancy within a reasonable time.

Appeal from Circuit Court, Lyman County; HON. N. D. BURCH, Judge.

Action by Cecelia Eagle Feather against Edward L. McHenry and others. From an order sustaining demurrer to the complaint, plaintiff appeals. Affirmed.

*C. W. Bartine* and *J. W. Jackson,* of Oacoma, for Appellant.

*W. J. Hooper,* of Gregory, for Respondents.

ANDERSON, J.   This is an action by plaintiff against the defendants to set aside and declare void certain deeds to real property as described and set forth in the complaint, the material allegations of which are in substance following:   Alleges the corporate capacity of the Jordan State Bank, and that it is doing business in the town of Jordan, this state; that plaintiff was married to Felix Eagle Feather, April 24, 1913, and that plaintiff and her husband were residents of this state from a date prior to their marriage and until November, 1918, when said Eagle Feather died; that plaintiff and her husband were both Indians residing upon Rosebud Reservation, this state; that her husband never made any home except with his father; that at the time of marriage of plaintiff to Eagle Feather he was the holder of an Indian allotment of 160 acres of land, being described as S. E. ¼ of section 23, township 99 north, of range 78, west of fifth P. M., and that he failed to build any home or otherwise improve said allotment and constantly up to the time of his death, by force, threats, and commands, prevented the plaintiff from living with him, and wholly failed to provide her with any means by which she could avail herself of the use of said allotment; that she has no means of her own; that while she so lived separate from her husband, and on August 7, 1918, he obtained his patent in fee; that he never at any time notified plaintiff that he had his patent in fee, and plaintiff never had any notice or knowledge of the issuance of the same; that after the marriage between plaintiff and her husband it was agreed between them that her husband would build a house upon said land, and that they would make said land their homestead under the laws of South Dakota; that under the plan and agreement between plaintiff and her husband said residence and home were to be built and established soon thereafter, and plaintiff alleges that ever since her marriage with her husband it has been at all times her intention to establish her homestead right upon the land, and to reside upon it and improve it and occupy it as a homestead, and she alleges on information and belief that her husband at all times, until after he obtained his patent in fee, fully intended to improve and reside upon and occupy said premises as his homestead; that the value of said land plaintiff alleges on information and belief does not exceed $5,000.

She alleges that her husband owned no other real estate, and

had no home or homestead of any kind, except that he had for a long time resided with his father in a house owned by his father; that after living happily with her husband during the year 1913 he cruelly and without any right so to do refused to permit her longer to live with him at the place where he then resided with his. father, and told her to stay away from him and the place where he lived and to not come back, and that the conduct of her husband's father and his wife, who were in charge of the home where her husband stayed, was so unfriendly and unkind, and they so commanded and ordered plaintiff to stay away to such an extent, that plaintiff had to leave said premises and come to her fathers' home to live; that she has since lived with her father, and that she has no other home or place of abode, nor does she own any other real estate, but she has duly selected the tract hereinbefore described, and regarded the same as her homestead since the death of her husband; that on September 2, 1918, her husband, without her knowledge or consent, signed and delivered a warranty deed to defendant Edward L. McHenry, which said deed was recorded in the office of the register of deeds of Tripp county, this state, and which deed purported to convey to said McHenry the premises aforesaid; that plaintiff never signed said deed, or any other deed to said premises, and that the same is void; that said McHenry thereafter executed a warranty deed which on September 11, 1918, was recorded in the office of the register of deeds of said county to Ella McHenry, and that said deed is wholly void; that on September 17, 1918, a mortgage by Ella McHenry, single, to Jordan State Bank was recorded in the office of the register of deeds of said county, which mortgage recited a consideration of $3,000, and that said instrument is void; that on October 8, 1918, said Jordan State Bank made an assignment of said mortgage to defendant Henrietta Mahoney, which assignment was recorded in the office of the register of deeds of said county, and that said instrument is void; that on March 11, 1919, said Ella McHenry executed a warranty deed of the premises aforesaid to Louis Kahler covering the land aforesaid, and which deed was recorded in the office of the register of deeds of said county, and that said deed was void and is a cloud upon plaintiff's title to said land; that on April 1, 1919, said Kahler and his wife executed a warranty deed to defendant Louis Simons, which was recorded in the

office of the register of deeds of said county, and that said deed is wholly void; that said Louis Simons claims the right to possession and ownership of said land and the rights to exclusive use thereof, and the plaintiff is informed that the Jordan State Bank claims the mortgage above described in the full amount stated, and plaintiff prays for judgment that she have exclusive possession of said land, and that the deed from her husband to said McHenry be by the court decreed to be void, not conveying any title whatever, and further prays that the deed recorded in Book 14, page 137, of the office of the register of deeds of said county and the mortgage held by defendant Jordan State Bank be decreed to be void, and that the assignment of said mortgage to Henrietta Mahoney be canceled and declared of no force and effect, and also that the deed to Louis Simons be declared void, and that she recover her costs and disbursements.

To this complaint the defendant Louis Simons interposed a demurrer as follows:

"Comes now the defendant, Louis Simons, and demurs to the complaint herein, for the reason that as to him the same does not state facts sufficient to constitute a cause of action."

This demurrer was by the trial court sustained. From the order sustaining demurrer to plaintiff's complaint plaintiff appeals to this court.

From the complaint it clearly appears that the most that is claimed on the part of the plaintiff is that she and her husband intended at some future date, not fixed, to go upon the premises in question, improve the same, and make it their home and homestead. The complaint on its face affirmatively shows that no such steps were ever taken. On the contrary, it appears that plaintiff and her husband never made any home except with her husband's father. Such a showing, we think, falls far short of establishing in plaintiff a homestead right in the premises described. We think it well established by the clear weight of authority that in order to assert a homestead right in land a mere intention to occupy it at some future time is never sufficient. Such intention should be evidenced by unmistakable acts showing an intention to carry out such design, and must be followed by actual occupancy within a reasonable time. William v. Dorris, 31 Ark. 466; Solary v. Hewlett, 18 Fla. 756; White v. Danforth, 122 Iowa 403, 98

N. W. 136; Bank v. Hollinsworth, 78 Iowa 575, 43 N. W. 536, 6 L. R. A. 92; Windle v. Brandt, 55 Iowa 221, 7 N. W. 517; McCrie v. Hixon Lumber Co., 7 Kan. App. 39, 51 Pac. 966; State Bank v. Peak, 3 Kan. App. 698, 44 Pac. 900; Fant v. Talbot, 81 Ky. 23; Higgins v. Higgins (Ky.), 78 S. W. 1124; Evans v. Calman, 92 Mich. 427, 52 N. W. 787, 31 Am. St. Rep. 606; Deville v. Widoe, 64 Mich. 593, 31 N. W. 533, 8 Am. St. Rep. 852; Feurt v. Custer, 174 Mo. 289, 73 S. W. 576; Power v. Burd, 18 Mont. 22, 43 Pac. 1094; Davis v. Kelley, 62 Neb. 642, 87 N. W. 347; Currier v. Woodward, 62 N. H. 63; Ball v. Houston, 11 Okl. 233, 66 Pac. 358; O'Brien v. Woeltz, 94 Tex. 148, 58 S. W. 943, 59 S. W. 535, 86 Am. St. Rep. 829; Goodall v. Boardman, 53 Vt. 92; Grosholz v. Newman, 21 Wall. 481, 22 L. Ed. 471.

From the facts as they appears from the complaint and from the law as applicable to those facts we are persuaded that plaintiff's contention that she has a homestead right in the premises involved is not tenable. It follows that the action of the trial court sustaining defendant's demurrer is well taken, and the order of the lower court is sustained.

Note—Reported in 190 N. W. 328. See American Key-Numbered Digest, Homestead, Key-No. 31, 29 C. J. Sec. 46, 13 R. C. L. 593.

On necessity of both residence and cultivation as a condition of a patent under a homestead entry under the Federal laws, see note 42 L. R. A. (N. S.) 752.