Pelan v. De Bevard.

to complain of being associated with a stranger in the administration, as this stranger has with her.

Affirmed.

## PELAN V. DE BEVARD *et al.*

1. LEASE: HOMESTEAD: ASSIGNMENT. P. leased to S. a certain lot for a term of five years, for an annual rent agreed upon, and in the contract it was further agreed that if S. should erect a building suitable for a family, and a stable on said premises, the lessor should pay to the lessee the value of the same on the expiration of the term. The lessee made the proposed improvements and occupied the house as a homestead: *Held,*

> 1. That the right to the possession of the premises during the term under the lease could not be assigned by the husband without the concurrence of the wife.

> 2. That an assignment by the husband alone would carry to the assignee the right to recover of the lessor the value of the improvements at the expiration of the term.

*Appeal from the Dubuque District Court.*

WEDNESDAY, APRIL 9.

PELAN leased to Snow certain premises for the term of five years, from and after the first day of April, 1855. Snow was to pay an annual rent of sixty dollars. It was further agreed that if Snow should erect a building suitable for a family, and a stable, on the leased premises, the lessor was to pay him at the expiration of the lease, the value of the same, to be estimated by persons to be chosen by the parties. Snow did make the proposed improvements, and occupied the house, so erected, as his homestead. On the 12th November, 1856, he made an assignment of this lease, as follows:

"For value received, I hereby assign, transfer, set over and sell unto Frederick W. De Bevard, his heirs and assigns, all my right, title and interest in and to the within lease, as witness my hand, this 12th day of Nov., 1856.

"HARVEY SNOW."

On the 28th of August, 1857, De Bevard made a similar assignment of the written lease to Goodrich, Willard & Co. the said De Bevard then being in possession of the premises. Dec. 1, 1857, De Bevard and wife mortgaged the leasehold premises to Milton, Conger & Cole, describing the same thus: "the following described premises and the lease thereof, to wit: Lot No. &c., (giving the description,) also all buildings and improvements erected on said premises. Also all my interest in the lease or balance of the term of years of said lot from C. Pelan to said grantor." The notes secured by said mortgage were assigned to Vanhorn, Luce & Co. The mortgagees and their assignees had notice of the assignment to Goodrich, Willard & Co.

In an action between Pelan and De Bevard, it was found that a certain amount was due for improvements, which was paid into court. The court below deemed that this sum should be applied to the payment of the mortgage, and from this order Goodrich, Willard & Co. appeal.

*Cooley, Blatchley & Adams* for appellant, argued:

I. That said firm had at least as good title as De Bevard, for the reason that Mrs. Snow did not join in the assignment through which he claims.

II. That a leasehold interest is not real estate, and therefore a legal homestead cannot be carved out of it. 2 Bouv. Inst. 265; *Murdock* v. *Radcliffe*, 7 Ohio, 119.

III. The lease contains two distinct contracts—one is for the use and occupation of the lot for a term of years, and in the other the lessor agrees to pay at the expiration of the

term for the improvements a sum to be ascertained in a certain way specified; and if the assignment without the concurrence of the wife was invalid as to the first, it was invalid as to the second.

*W. C. Friend* and *Thomas M. Monroe* for appellee,

Contended that as the assignment by Snow to De Bevard was accompanied by the possession, and the assignment to appellant was not so accompanied, appellee had the better title; and that the lease was a chattel real, out of which a homestead could be carved, citing Bla. Com. 2 Book, p. 386; Reeve's Dom. Rel. 22; 2 Kent's Com. 134.

WRIGHT, J. — It is claimed by appellees that the premises constituted the homestead of De Bevard, and that the assignment by him to appellants was void, because his wife did not join in the conveyance. To this it is answered that De Bevard had but a leasehold interest, which is not a legal estate, and that a homestead cannot be carved out of it. This position we do not think tenable. The head of a family, who, as the owner of the homestead, is entitled to the exemption provided by statute, is not limited to any particular estate, either as to its duration or extent. The homestead is liable for taxes, and subject to a mechanic's lien. (§ 1248.) Will it be claimed that the "house used as a home," erected on leased premises, was not liable to these charges? It may be sold to satisfy debts created prior to the passage of the law, or prior to its purchase, but not until the other property of the debtor is exhausted. And would it be claimed that if on leased premises, it was liable in the first instance, and without reference to the time of its purchase? Such a construction would violate, as it seems to us, the whole spirit and policy of the law. Not only so, but the homestead may embrace "one or

more tracts of land, with the buildings thereon," (§ 1251,) and the term "land," includes "all rights thereto, and interests therein, equitable as well as legal." (§ 26 ch. 8.)

Then again, the interest was such as might be sold under execution and redeemed, (Code, § 1924,) so that we think the language of the law is in accordance with its reason and correct policy. It is certainly as reasonable and consonant with the whole scope and purpose of this exemption to extend it to the man who can procure a possession for a term of years, as to one who has the fee simple.

It is next claimed that the contract between Pelan and Snow consists of two parts — 1st, a grant of the lot for a term of years; 2d, an agreement on the part of Pelan to pay for the improvements at the expiration of the term, and that the assignment would be good without the joinder of the wife, so far as it related to the second part, though invalid as to the first. And this position, we think, is correct. This right of Snow, or his assignee to compensation for his improvements, was not a part of the homestead. It was independent of it, and was as much the subject of transfer or assignment as a promissory note or any other debt against Pelan. Such an assignment or sale is in no sense a conveyance, within the meaning of the statute. All right to the possession of the premises was at an end, at the time of the decree. The lease had expired, and there was nothing left in which either or any of the parties had any interest, except the question of pay for the. improvements. Not only so, but De Bevard's assignment from Snow is precisely of the same nature as that from De Bevard to appellants. And we think it is well said, that, if appellants are not entitled to this money, neither are appellees, for they claim under a mortgagor who had no title; and if this be so, then Snow is entitled to it, and should have been made a party. That he is entitled to it, no one claims. It is a question of prior right between contending creditors, and,

in our opinion, the money should be paid to appellants, who are first in time with equal equities.

Reversed.[1]

---

[1] The counsel for the appellee filed a petition for a re-hearing of this cause, upon the ground that the assignment executed by De Bevard to Goodrich, Willard & Co., the appellants, did not transfer the second part of the contract — the right to recover for the value of the improvements at the end of the term. The assignment was in form similar to the one set forth in the statement of the case *supra*. The petition after being duly considered by the court, was overruled.