| | |
|---|---|
| 74 | 683 |
| 79 | 281 |
| 74 | 688 |
| 122 | 404 |
| 74 | 683 |
| d126 | 192 |

</div>

## WERTZ v. MERRITT BROS. *et al.*

1.  Evidence : TRANSACTIONS WITH ONE DECEASED. In an action by one of several heirs to partition land, a part of which had long been occupied by another of the heirs, *held* that the oral testimony of the occupying heir and his wife, as to an agreement of the ancestor to give the occupied land to him, was incompetent, under section 3639 of the Code.

2.  Gift : OF LAND TO SON : EVIDENCE. A son occupied a portion of his father's land for twenty years prior to the father's death, and afterwards claimed that he owned the land under a verbal agreement ( which he had performed on his part ) that he was to occupy and cultivate the land during the father's life, giving him one-third of the crops, and afterwards to be the sole owner of the land. *Held* that the evidence ( for which see opinion ) did not support his claim.

Wertz v. Merritt.

**B. Homestead :** IN LEASEHOLD INTEREST : TENANCY IN COMMON : JUDGMENT LIEN. M. obtained a judgment against J. on the ninth day of June, 1886, on a debt which was contracted in the fall of 1885, and the question was whether it was a lien on the portion of real estate which was afterwards allotted to him upon a partition of the land of his father, who died May 24, 1886. J. had occupied the land in question as a tenant of his father for twenty years prior to the latter's death ; but, conceding that he had a homestead right in his leasehold estate ( see *Pelan v. De Bevard,* 13 Iowa, 53 ), that right did not survive that estate, which, by the terms of the lease, ended with the father's death ; or, if he be regarded thereafter as a tenant at will, his right could have been terminated on the first day of March following his father's death ( Code, secs. 2014, 2015), so that he could not, after that date, base any claim of homestead upon any interest he had in the land prior to his father's death. Nor could he base a claim of homestead upon the ground that he was a tenant in common with his co-heirs ( see *Thorn v. Thorn,* 14 Iowa, 53 ), because such tenancy, if conceded, could not have begun prior to his father's death ; but that was after the debt had been contracted on which the judgment was obtained. Accordingly *held* that the land was not exempt as a homestead.

*Appeal from Des Moines District Court.*—Hon. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

THE petition of plaintiff alleges that on the twenty-fourth day of May, 1886, Benjamin Wertz died intestate, seized in fee of the west half of the southeast quarter, and east half of the southwest quarter, of section ten, and the east half of the northeast quarter of section twenty-one, all in township sixty-eight north, of range eighteen west ; that defendant Mary J. Wertz is the widow of decedent, and as such is entitled to an undivided one-third of said premises ; that plaintiff and defendants Joseph Wertz and Arthelia Wentworth are the only heirs of decedent, and that as such each is entitled to an undivided one-third of two-thirds of said premises ; that plaintiff has resided in the southeast quarter of the southwest quarter of said section ten since the year 1868, and has at his own expense built a dwelling-house, and made other improvements thereon. Plaintiff asks for a partition of the premises, and that he be allowed the value of said improvements, in the making of the

partition. The death of Benjamin Wertz intestate, and the relationship of the parties to him, are admitted. Defendants Mary J. Wertz and Arthelia Wentworth deny that plaintiff is entitled to any allowance for improvements. Joseph Wertz claims to have occupied the east half of the west half of the southeast quarter of said section ten since 1866, under a verbal agreement with decedent, whereby he was to occupy and live upon it during the lifetime of decedent, and pay him one-third of the crops raised thereon; the property so occupied to belong to said Joseph. He also claims that he fulfilled on his part all the requirements of said agreement, and built a dwelling-house and made other improvements on said forty-acre tract; that he is now, and has been since 1866, the head of a family, and during that time has occupied said tract as a homestead; that he is now the unqualified owner of this tract, and it is not subject to partition proceedings, nor to the payment of his debts. Defendants Merritt Bros. became parties to the suit, and claim to have recovered, on the ninth day of June, 1886, a judgment against Joseph, which was a lien on his interest in decedent's land; that such interest was sold under an execution issued on said judgment; and that they are entitled to be subrogated to all the rights of Joseph in said land. They unite with plaintiff and with defendants Mary J. Wertz and Arthelia Wentworth in denying the special rights in the forty-acre tract, and the agreement with decedent alleged by plaintiff. The court below found the interests of the widow and heirs to be as alleged in the petition, that plaintiff and Joseph were entitled to compensation for improvements, and that partition of the premises should be made. Partition was ordered, and referees were appointed to carry the order into effect. The referees entered upon the discharge of their duties, and made a report, which was confirmed by the court. This shows that thirty-six acres off of the east side of the west half of the southeast quarter of said section ten, or nearly all of the tract claimed by Joseph, were

allottèd to him.   A decree was entered, which estab-
lished  the  homestead  claim  of  Joseph,  and  denied
Merritt Bros. the relief they ask.   Merritt Bros, appeal
from the decree against them and  in  favor of Joseph,
and the latter appeals from so  much  of  the  decree  as
caused the tract claimed by him in fee to be included in
the partition proceedings and denied his claim thereto.

    *T. M. Fee,* for appellants Merritt Bros., and `for
appellees Mary J. Wertz and Arthelia Wentworth.

    *J. A. Elliott* and *Geo. D. Porter,* for appellant
Joseph Wertz.

    *L. C. Mechem,* for appellee B. F. Wertz.

    ROBINSON, J.—I.  It  is  insisted  on  the  part  of
Joseph Wertz that the evidence is sufficient to establish
his alleged ownership of the forty-acre tract
1. EVIDENCE:      which he claims ; but in this view we do not
transactions
with one de-    concur.   The evidence of Joseph Wertz and
ceased.          wife as to the alleged verbal agreement with
decedent is made  incompetent by  section 3639  of  the
Code, and must be disregarded.   There is conflict in the
evidence as to  this  issue ;  some  of  the  admissions of
Joseph tending to show that after the death
2. GIFT : of land
to son : evi-   of  his  father  he  made  no  claim  of  right  to
dence.           this tract,  but expressed a  desire to obtain
it.   The evidence shows  that decedent had at different
times expressed an intention to give this tract to Joseph,
but that he never fully  decided  to  do so.   During  the
twenty years Joseph occupied the land, it was sometimes
farmed  by  himself  alone,  sometimes  by  himself and
brother,  the  plaintiff,  and  sometimes,  perhaps,  by his
brother alone.   It is unnecessary to state  the  evidence
more fully.   In our opinion it fails to  sustain the claim
of  Joseph that  he  became  the  owner  of  the  land  by
virtue of an agreement with decedent.   It  was  there-
fore properly treated as a part of the land  to  be  parti-
tioned.

    II.   It  is  next  urged  that  the  evidence  shows
beyond question  that  Joseph  occupied  the  forty-acre

Wertz v. Merritt.

tract claimed by him, including all that

**3. HOMESTEAD: in leasehold interest : tenancy in common : judgment lien.** allotted to him by the partition proceedings, for more than twenty years, or since 1866 ; that during all that time he was the head of a family, and occupied the tract as a homestead ; that such occupation has at all times continued since the death of his father, the decedent ; and that for that reason the land allotted to him is not subject to the payment of the judgment of Merritt Bros. The occupation by Joseph may be conceded as claimed, and it may also be conceded that a homestead right may be acquired in a leasehold estate. *Pelan v. De Bevard*, 13 Iowa, 53. We think the evidence shows that Joseph was the tenant of his father from 1866 to the death of the latter, and that during that time he had a homestead interest in the land upon which he lived. But Joseph does not base his claim upon any leasehold interest. By the showing of his answer, his obligation to pay a share of the crop terminated with the death of his father. But, assuming that he was a tenant at will, his right could have been terminated on the first day of March, 1887. Code, secs. 2014, 2015. Therefore his present right is not derived from any interest he had in the land prior to May 24, 1886. It is urged that he was a tenant in common, and that as such he acquired a homestead right to the tract he occupied. This court has held that such a right may be acquired by a tenant in common. *Thorn v. Thorn*, 14 Iowa, 53. If we concede that Joseph was a tenant in common, his tenancy as such commenced with the death of his father at the earliest, and his present homestead right cannot antedate that time. The evidence shows that the debt on which the judgment in favor of Merritt Bros. was rendered was in existence as early as the fall of 1885 ; therefore, unless the present homestead right is a continuation of the former one, the land is subject to the lien of the Merritt Bros. judgment. We know of no rule of law which would justify us in holding that there was such a continuation of the homestead right. The leasehold right was entirely independent of that now held.

The present right did not in any manner flow from the former. While it is true that a part of the land formerly occupied by Joseph was allotted to him by the referees, yet he had no legal right to compel such allotment. It was not the case of a tenant in common who as such had entered into possession of a part of the common estate, and made valuable improvements thereon with the assent of his co-tenants. In this case no possession was taken, nor were any improvements made after the estate in common became vested. Prior to the death of his father, Joseph had no vested right in anything except the right to occupy the land by the year, and possibly the right to compensation for improvements. We therefore conclude that the land allotted to Joseph Wertz was subject to the payment of the judgment in favor of Merritt Bros., and that the district court should have so decreed. The decree is affirmed as to the appeal of Joseph Wertz, and as to the appeal of Merritt Bros., it is

REVERSED.