90   409
103  104
f103 271

FRANKLIN BRADSHAW AND WIFE, Appellants, v. LEANDER B. REMICK.

LEANDER B. REMICK v. FRANKLIN BRADSHAW AND WIFE, Appellants.

**Abandonment of Homestead: Waiver of Platting on Sale.** Where a homestead is sold under foreclosure without platting as the statute provides, and after deed, the husband, for years, occupies the land under lease from the grantees in the deed, with the knowledge of and without objection from the wife, there is an abandonment of the homestead right, and the failure to plat can not be taken avantage of. *Morris v. Sargent,* 18 Iowa, 90, *distinguished.*

**Trust to Reconvey.** Loose declarations by grantee that the execution defendant might have the land back for what he "had in it," not assented to, and abandoned by declarant, the other subsequently occupying the land under lease, will not set aside the sheriff's deed and create a trust to reconvey.

*Appeal from Greene District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

Franklin and Aner E. Bradshaw are husband and wife, and plaintiffs in the first above entitled action. On the first day of July, 1881, Franklin Bradshaw being the owner of the southeast quarter of section 21, township 85 north, of range 29, in Greene county, the plaintiffs joined in a mortgage thereon to Edward Heliker, trustee for Thomas W. Marshall, to secure the sum of seven hundred and fifty dollars. The mortgage was, in 1884, foreclosed in a suit, with these plaintiffs as defendants, and at a foreclosure sale on execution the land was bid in by the defendant, Leander B. Remick, for the amount of the judgments and costs; he at the time holding a junior mortgage lien on the land to secure two notes aggregating seven hundred

dollars. From the spring of 1881 up to the sale on execution the plaintiffs had resided on the land sold, and during that period had a homestead right therein. The sale under the foreclosure judgment was in January, 1885, and in February, 1886, Remick received a sheriff's deed for the entire quarter section. The plaintiffs continued to occupy the premises from the execution of the deed to Remick to the commencement of this suit under circumstances substantially as follows: In February, 1886, the husband, Franklin Bradshaw, leased the premises from Remick for one year at a cash rental of three hundred dollars. This lease was in effect renewed each year to and including 1890, with the following exceptions: Frank W. Bradshaw, one of the defendants in the second entitled action, is a son of the plaintiffs in this action, and for the year 1888 the lease was made to him; and for the year 1890 it was made to Franklin Bradshaw and Frank W. Bradshaw, being father and son. It is averred in the petition, in substance, that when Remick bought the land at the foreclosure sale it was under an agreement between Remick and Bradshaw that Remick should take the title in trust until such time as Bradshaw should repay him for expenditures and his liens thereon, when the title should again vest in Bradshaw. This action is brought to set aside the deed and sale of the land, and permit an accounting and redemption, under the claim, *first*, that plaintiffs had a homestead right therein, and that the sheriff, in making the sale, did not observe the statutory requirements as to the platting and sale thereof, and, *second*, because of the trust relationship between the parties. The answer puts in issue the facts pleaded in the petition, avers abandonment on the part of the plaintiffs of their homestead rights by their acts in becoming lessees of the premises and occupying the same as such, and asks by way of affirmative relief that the title to the land be quieted in him. The district

court found the issues with the defendant and granted him the relief prayed.

The foregoing statement has reference only to the first entitled cause. In the second cause there was a judgment below for plaintiff, it being a suit to enforce a landlord's lien for the rents of the land, and it is to abide the result of the first case, in which the plaintiffs appealed.—*Affirmed*.

*H. E. Long* for appellants.

*A. M. Head* for appellee.

GRANGER, C. J.—We do not think that it is necessary to consider the claim of appellants as to the platting and sale of the land, for we are agreed that there was, after the sale, an abandonment of the homestead right, without which there, was no legal basis to set aside the sale and grant the relief prayed. There is no room for serious contention but that, as to the husband, there was an abandonment, because of his leasing the premises for four years and occupying them under a lease to his son for another year after the deed to the defendant. The parties continued their occupancy of the premises for the full period of their statutory rights, and when the sheriff's deed was made, which gave to the purchaser the right of possession, Bradshaw acquired the right to further occupy them just as any stranger would naturally and legally have acquired such a right,—by contract with the owner. He gave unmistakable evidence of an intentional change in the, character of his occupancy from that of owner to that of lessee. His occupancy as lessee was absolutely inconsistent with a claim of homestead right. The character of the leases he signed was, in every particular, in plain contradiction of a homestead claim or right. Aner Bradshaw, the wife, was not a party to the leases, but the situation is little less conclusive as to her. She

knew of the sheriff's deed to Remick; she knew that, in consequence of the sale, her husband intended to, and did afterward, lease the land, and of his continuous occupancy as a lessee. So far as a wife could, she acquiesced both as to his understanding of the situation and purposes of occupancy. There was not a word of protest, dissent, or disapproval. We may say that it was then manifest to both of them that the title had passed by the foreclosure sale, and they were occupying the land by contract with the owner. She nowhere says that she then thought she was occupying it as a homestead. Some "straws" are afloat at which appellants are now grasping, but the facts are no less conclusive on this point than they would be if, after the sheriff's deed was made, they had moved from the premises without an intention to return, and then, after nearly five years, had set up a homestead right. The legal conclusion is that they concurred in the sale as made, and it is now too late to retrace their steps.

Considerable stress is placed on the fact that Mrs. Bradshaw did not sign the leases, or any of them, by applying that fact to the law requiring the husband and wife to concur in and sign the same joint instrument in order to pass the homestead right or the title on which it rests. The statute has no application. The conveyance of the homestead was when she joined with her husband in the execution of the mortgage under which the sale took place. The leases but indicate the purposes or character of the occupancy after the deed was made. The leases, of themselves, took from her no right. It was the relation she voluntarily assumed under the leases, showing a voluntary surrender of the homestead claim. Numerous authorities are cited wherein are announced rules favoring homestead protection, as that the homestead is for the benefit of the family, and an abandonment by the husband will not

affect the right of the wife so long as she remains in possession; that in such a case a purchaser from the husband will be required to account to the wife for the rents, etc. Particular stress is placed on the case of *Morris v. Sargent*, 18 Iowa, 90, wherein it is held that the mere fact of a husband's becoming a lessee of property claimed as a homestead, although it may recognize the title in another, will not affect the rights of the wife in the homestead. Our holding in this case is no infringement on the rule there stated. We do not in any way bind the wife because of the acts of the husband, but because of her own acts after the leases were made and her long course of acquiescence in a situation known to her, indicating her intention during that period. The cases are in no important sense alike. No case cited is against our conclusion.

Appellants' claim that defendant took the title under an agreement to reconvey, upon payment to him of purchase price and other liens, is not supported by the evidence. There was, before the land was purchased by defendant, some talk that Bradshaw might have the land back for what defendant "had in it." That it amounted to a valid agreement, at the time, is, because of the meagerness of its details, quite doubtful. It is certain that Bradshaw did not assume any obligation in the matter whatever. There was merely a talk that if he paid what defendant "had in it" he could have the land back, and it appears that defendant regarded that as his agreement. But, in a later conversation, he says that Bradshaw "acknowledged that he could not get the money at that time, and that settled it." The entire course of business between the parties for five years, nearly, in regard to the land is against an understanding that the title was in defendant only in trust, but it is in harmony with the fact of absolute ownership by defendant. Their contracts from time to time fully recognized such ownership, and

far outweigh the effect to be given to loose and random talks in regard to so important a matter, wherein no time for performance was fixed, nor any other detail, not even making the obligation mutual. Such evidence is too weak to set aside a conveyance of land. These considerations dispose of the case. The judgment in each case will stand AFFIRMED.