97   681
f109  571
d109  578
109   697

97   681
132   222

JOHN LESSELL, Appellant, v. JOSEPH GOODMAN AND M. E. GOODMAN.

**Homestead: CONVEYANCE.** A wife has a right of homestead in premises held by herself and her husband, under a contract of purchase thereof.

**SAME.** Therefore, a wife is not bound by an acknowledgment by the husband that the contract has been forfeited by failure to make payments at the time therein provided, as Iowa Code, section 1990, provides that a husband cannot alone, convey property in which the wife has a homestead right.

**Forfeiture: WAIVER.** A creditor who, by his acts and statements, has fairly led his debtor to believe that he would not insist on the strict terms of their contract as to time of payment of an amount thereunder, will be held to have waived the provision of such contract for a forfeiture thereof, on failure to pay such amount when due.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

SATURDAY, APRIL 11, 1896.

ACTION to quiet title. Decree for defendant, Mary E. Goodman, and plaintiff appeals.—*Affirmed.*

This action was brought by the plaintiff to quiet title to, and recover possession of a lot in the city of Perry. On July 15, 1892, the defendant, Joseph Goodman, entered into a written contract with the plaintiff, whereby the latter agreed to sell to the former a lot, for the consideration of one hundred and seventy-five dollars, ten dollars of which was paid down, and the balance was to be paid as follows: Eighty-five dollars July 15, 1893, and eighty dollars July 15, 1894, with seven per cent. interest. By the terms of the contract, time was made the essence of it, and it was provided that, if any default was made in any of the

payments or agreements therein mentioned, the entire contract should be void, and all rights of said Goodman thereunder should at once cease and determine. Goodman and his family took possession of the lot, erected a house thereon, and used and occupied the same as their homestead. A few weeks prior to the maturity of the second payment, Joseph Goodman abandoned his wife, and continued to live separate and apart from her. She, with her daughter, continuously occupied the place as her home up to the time of trial of this cause below. Appellant brings this action to quiet his title, and to recover possession, upon the ground that both of the appellees had forfeited their rights to said lot because of the failure to make the payment due July 15, 1894. The defendant Mary E. Goodman, claims that plaintiff waived said forfeiture, and that she tendered him the full amount due on said contract, which he refused to receive. She pleads her readiness still to perform, and prays that, on payment of the balance due, plaintiff be required to execute to her a conveyance of said real estate. The court below entered a decree in conformity to the prayer, from which plaintiff appeals.

*Shortley & Harpel* for appellant.

*H. A. Hoyt* and *White & Clark* for appellee.

KINNE, J.—I. It is contended that Mrs. Goodman has no right of homestead in this lot. In *Pelan v. De Bevard*, 13 Iowa, 53, it was held that a homestead might exist in a lease-held estate. The court said that the exemption provided by statute "is not limited to any particular estate, either as to its duration or extent." And in *Stinson v. Richardson*, 44 Iowa, 373, it was held, that the fact that a

vendor retained the legal title as security for unpaid purchase money, would not operate to defeat the vendee's claim of homestead in the property. The interest acquired by the husband in this case was such that the homestead right attached. Such being the case, no conveyance of it by the husband alone would be of any validity. Code, section 1990. An assignment of a lease, by the husband alone, of premises occupied as a homestead, is not valid. *Pelan v. De Bevard*, 13 Iowa, 53. In the case at bar, the husband, after plaintiff had declared the contract forfeited, in writing, undertook to acknowledge said forfeiture as valid and binding. It is clear that, under the statute prohibiting the incumbrance or conveyance of the homestead, except by the joint act, in writing, of both husband and wife, this attempted acknowledgement of the claimed forfeiture was void.

II. There is some conflict in the evidence, as to whether or not the plaintiff waived his right to insist upon a forfeiture under his contract. We think, however, he, by his acts and statements, fairly led the wife to believe that he would not insist upon the strict terms of the contract as to payments. Therefore, he ought not now be permitted to insist that, by reason of the payments not being made at the time agreed upon, all rights of the parties thereunder were forfeited. We conclude that plaintiff waived the right of forfeiture provided for in the contract. The tender was sufficient, and the decree below is AFFIRMED.