OLIVIA ANDERSON, Appellant, v. M. J. COSMAN AND S. J. PATTERSON.

**Homesteads:** ABANDONMENT. A wife will be deemed to have abandoned her homestead in land held by her husband, under a contract of purchase reserving the title to the vendor, where her husband with her knowledge and apparent acquiescence surrendered the contract to the vendor, who in pursuance of the husband's request conveyed the land to a purchaser from him, and she afterwards remained on the land with him under a lease from the grantee, apparently recognizing a title unincumbered by the homestead, in the latter. *Bradshaw v. Remmick*, 90 Iowa, 409, *followed.*

LEASED LANDS. A homestead right under the Iowa statute may exist in lands leased, or held under a contract of purchase, the legal title remaining in the vendor.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, OCTOBER 16, 1897.

S. J. PATTERSON owned the one hundred and sixty acres of land in question, and on the third day of January, 1890, he contracted in writing to sell the same to Henry Anderson, the husband of the plaintiff. The consideration expressed in the agreement was two thousand, one hundred and twenty dollars, the first payment of which was to be made December 30, 1890, and

the last payment December 30, 1897, with annual intervening payments. A warranty deed was to be executed by Patterson on full payment. The following is a stipulation of the contract: "In case the second party shall fail to make the payments aforesaid, or any of them, punctually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of his agreements and stipulations aforesaid strictly and literally, without any failure or default, the times of the payments being of the essence of the contract, then the first party shall have the right to declare this contract null and void, and all rights and interests hereby created or then existing in favor of said second party, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in the said first party (without any declaration or forfeiture or act or re-entry, or without any other act by said first party to be performed, and without any right of said second party for reclamation or compensation for moneys paid or improvements made) as absolutely, fully, and perfectly as if this contract had never been made. If, however, the said first party shall elect not to declare this contract null and void, in case the second party shall fail to make the payments, or any of them, as above stipulated, the second party agrees to pay interest at the rate of 8 per cent. per annum on all payments of both principal and interest from the date of their maturity." Anderson, with his wife and family, took possession of the land, made improvements thereon, and occupied the same as a home till May, 1894. Payments aggregating about five hundred dollars were made by Anderson, but not at the maturity thereof. In May, 1894, Anderson made arrangements with defendant Cosman to sell the land to him. Prior to this time there had never been any election by Patterson to forfeit

the contract for default in payment. A conference with Patterson by Anderson led to an agreement by which the written contract held by Anderson was surrendered to Patterson, marked on the back "Surrendered and canceled," and Patterson conveyed the land by deed to Cosman, and Cosman leased it to Anderson for one year, for one-third of the crop. This action was commenced in February, 1895, by the plaintiff, who is the wife of Anderson, reciting in her petition the facts as to the contract of purchase of the land; the occupancy of it as a homestead, and improvements made; that payments have been made; the transactions leading to the sale to Cosman; and that she has never joined with her husband in a conveyance of the land, or relinquished her homestead rights therein,—and she asks that the contract of conveyance by her husband to Cosman be set aside, and for other relief. The answer makes some admissions and denials, and pleads, with other facts, that Anderson made defaults in his payments, the provisions of the contract in regard thereto, the cancellation and surrender of the contract by agreement, and the conveyance of the land to Cosman in pursuance thereof. The district court dismissed plaintiff's petition, and she appealed.—*Affirmed.*

*R. Shaw Van* and *Shaw & Kuehnle* for appellant.

*J. P. Connor* and *McKenzie, Brockett & Dewey* for appellees.

GRANGER, J.—It is provided by section 1990 of the Code of 1873, as to homesteads, that "a conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." Plaintiff bases

her right to relief on the fact of a homestead right in the premises, and the provision of the Code above quoted. There can be no question but that a homestead right may exist in land leased, or sold under contract, where the legal title remains in the vendor. *Pelan v. De Bevard*, 13 Iowa, 53; *Stinson v. Richardson*, 44 Iowa, 373; *Belden v. Younger*, 76 Iowa, 567. And it may be conceded that the plaintiff and her husband had a homestead right in the land in controversy, modified by the terms of the lease, which gave all the right plaintiff or her husband possessed. It may also be conceded that, had the husband desired to convey the land, in a legal sense, it could not have been done except by the concurrence of the wife in the way provided by law. There was never any election on the part of Patterson to forfeit the contract, but, on the contrary, he seemed disposed to extend to Anderson further time to meet his payments and save the land. It was only when Anderson came to Patterson, and desired him to convey the land to Cosman, that there was a talk of canceling the contract. At that time, however, the agreement was made to surrender and cancel the contract, because Patterson refused to make any conveyance to Cosman while the contract was outstanding. At the time of the sale of the land by Patterson to Cosman, and of the surrender of the contract of sale by Anderson, he (Anderson), in writing, leased the land of Cosman from May 15, 1894, to March 1, 1895, at a rental of one-third of the crop grown on the land; and he occupied the land in pursuance of the lease, and paid the rental agreed upon. As to Anderson, it is not to be doubted that he intended to and did abandon all interest he had in the land, including homestead occupancy. It is said there was also an abandonment by the plaintiff, and the conclusion is sustained by the record. She knew that her husband

was not paying for the place as the contract required; that he was trying to dispose of the land; that his title was only by contract requiring payment to secure a title. She had the contract in her possession, or at least it was in a drawer to which she, most of the time, held the key; and, when Anderson called for the contract to be taken to Patterson, she got it for him, knowing what was to be done; and when her husband returned, the same day, he told her what had been done, so that she had knowledge of the surrender of the contract, the conveyance by Patterson to Cosman, and the lease from Cosman to Anderson. She nowhere pretends that she made any objection, and the only reasonable inference is that she acquiesced in what was then thought to be best, because of her husband's inability to pay for the land. After the transaction they occupied the land under the lease (that is, Anderson did), paying the rent, with her actual knowledge of such payments, and under circumstances entirely inconsistent with any claim of right in the land except that of lessee. The rents had been assigned by Cosman to one Way, who collected them; and it is to be said that, if she was not in accord with what had been done, and living on the land only as the wife of a lessee, she was practicing a deceit, for she well knew that the land was held adversely to any other claim, and in good faith. She must have known that her husband had abandoned any homestead right and she knew equally well that it was supposed she claimed no such right. Deceit is not fairly to be imputed to her. Her acquiescence and participation in the abandonment of all interests in the land except under the lease was in a way not unusual for a wife. It is true that Anderson says she said to him, when he came home with the lease, that she did not want to pay rent, but his testimony is discredited to an extent that it should not be given force in this particular. Again,

it is not made to appear what was meant by the expression. It does not appear that she did not want to pay rent because she had or claimed any right in the land. It appears almost conclusively that Anderson could not pay for the land, and any homestead right in it must be lost. This fact, known to her, may well be considered as largely accounting for what appears to have been a mutual understanding between Anderson and his wife that their occupancy after the sale to Cosman was only by virtue of the lease. The case is quite like that of *Bradshaw v. Remick,* 90 Iowa, 409, in which we held there was an abandonment of the homestead by the wife by virtue of an occupancy under a lease. We think the decree of the district court is right, and it is AFFIRMED.