J. I. RUTLEDGE, Appellant, v. JULIA P. WRIGHT, Appellee.

HOMESTEAD: Acquisition and Establishment—Pre-Existing Liabilities—Evidence. Evidence reviewed, in creditor's suit to subject homestead to lien of claim, and held sufficient to sustain finding of trial court that acquisition of the homestead (a) antedated the accrual of claim, and (b) was not subject to lien of claim.

APPEAL AND ERROR: Grounds for Review—Issues not Pleaded. Issue of partnership, not tendered in petition, to have lands subjected to claims, will not be considered on appeal.

BANKRUPTCY: Right of Bankrupt—Exemption of Homestead—Remedies. Plaintiff, having appeared in the bankruptcy court, and asked that the proceedings looking to the discharge of the bankrupt be suspended for a reasonable time, so that he could pursue a remedy in the state court to establish a lien upon bankrupt's homestead, on the ground that his claim antedated acquisition of the homestead, cannot maintain in the state court that there was no such homestead right.

PARTNERSHIP: Dissolution—Creditors. A partnership never dissolved by contract or notice continues to exist as to creditors.

HOMESTEAD: Acquisition and Establishment—Legal Title—Occupancy—Extent of Interest. It is not essential to the acquisition of a homestead that the claimant have a complete legal title, although it is essential that he have a sufficient title to justify occupancy on a claim of homestead; and the limitations under Section 2978, Code Supp., 1913, as to area and value, are such that, if his title be imperfect or incomplete, he may acquire the homestead right within the statutory limit of such date, and may thereafter perfect or complete his title, or improve or add to its value, and the date of its acquisition is not affected thereby.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

MARCH 14, 1919.

REHEARING DENIED JULY 2, 1919.

Suit in equity whereby the plaintiff, as a creditor, seeks to establish his claim as a lien upon the alleged homestead of the debtor defendant, on the ground that the claims of the plaintiff accrued prior to the acquisition of the homestead. There was a decree dismissing the petition, and the plaintiff has appealed.—*Affirmed.*

*E. H. Johnson* and *Mitchell & Files,* for appellant.

*H. W. Stowe* and *Healy & Faville,* for appellee.

Evans, J.—I. The property upon which the plaintiff seeks to establish a lien is a residence property, comprising about 10 acres of ground, and situated outside the corporate limits of the city of Fort Dodge. About the year 1912, the plaintiff became the creditor of the defendant. Later, he acquired by assignment the claims of the other creditors of the defendant. These claims also accrued about the year 1912, and the plaintiff is seeking the same relief as to all such claims. In the year 1917, the defendant filed a voluntary petition in bankruptcy. She listed the plaintiff and all his assignors as creditors. She also scheduled the real estate above described as her only property, and claimed the same as a homestead. By order of the bankruptcy court, it was set apart to her as exempt. Later, the plaintiff filed a petition in the bankruptcy court, asking that proceedings looking to a discharge of the defendant in bankruptcy be suspended for a reasonable time, whereby the plaintiff might pursue his remedy in the state court to establish a lien upon the homestead on the ground already indicated. Such order was entered as prayed in the bankruptcy court.

Though the defendant has been adjudicated a bankrupt, and though her claim of homestead exemption has been allowed, no order of discharge in bankruptcy has been

entered in her behalf. The controlling
question of fact in the case is: Did the
acquisition of her homestead by the defend-
ant antedate the year 1912? The plaintiff
contends that the date of the acquisition of
the homestead was October 11, 1913, on which date the de-
fendant received a deed of the property from one S. J.
Robertson and wife. The defendant, however, contends that
she acquired an interest in the property on November 28,
1903, and that she entered into the actual occupancy of the
same as a homestead in May, 1904, and that she has con-
tinued in such occupancy ever since. It is proved beyond
question that, on November 28, 1903, the defendant and
Agnes Gannon Robertson joined in the purchase of such
property from E. A. and Martha Wood. Wood held the
property by contract from the Wahkonsa Investment Com-
pany. The purchasers paid $200 to Wood as a first pay-
ment, and Wood and wife assigned the contract to the de-
fendant and her associate. Later, the Wahkonsa Invest-
ment Company conveyed the property to the defendant and
her associate. The property was so conveyed subject to
incumbrances, the balance of the purchase price being rep-
resented by notes signed by the defendant and her associate.
As to these matters, the receipt for the purchase money,
the assignment of the contract, and the deed from the
Wahkonsa Investment Company are all in evidence. The
plaintiff went into the actual occupancy under this title, as
already indicated, in May, 1904. Agnes Gannon Robertson
also lived with the defendant in the same home.

There can be no question but that the defendant ac-
quired a right of homestead at the beginning of her occu-
pancy, in 1904. Nor could there be any question as to the
continuance of her homestead right from that date until now,
were it not for some subsequent transfers. Shortly after the

1. HOMESTEAD:
acquisition and
establishment:
pre-existing lia-
bilities: evi-
dence.

acquisition of the property, the two grantees conveyed the same to one Neville. It is claimed by defendant that this conveyance was intended only as security for a debt, and was protected by a contract from Neville for a reconveyance. Neville did later reconvey, but the reconveyance was to Agnes Gannon Robertson. Later, Agnes Gannon Robertson conveyed the same to her father-in-law, S. J. Robertson, who held the legal title thereafter until October 11, 1913, when he conveyed the same to this defendant. Neville was never in actual possession of the property, nor does it appear that he ever claimed the right to possession. The same is true of S. J. Robertson. The defendant has continued in possession at all times since May, 1904. Her associate, Agnes Gannon Robertson, lived with her until 1911, since which time the possession of the defendant has been exclusive. The conveyance to the defendant by S. J. Robertson in 1913 was made pursuant to a settlement between the defendant and her associate, Agnes Gannon Robertson. Under that settlement, Agnes Gannon Robertson relinquished to the defendant all her right to the property, subject to the payment of $700, for which amount the defendant gave her note, secured by a mortgage on the property.

The evidence which we have here set forth would be very satisfactory, as supporting the contention of the defendant, were it not for certain conduct of the defendant had in 1911 and in 1913, which was somewhat inconsistent with her present contention. In 1911, a written settlement of some matters was had between her and her associate, Agnes Gannon Robertson, wherein the ownership of the property in question is assumed to be in the said Agnes Gannon Robertson, and whereby the defendant stipulates for the first right of purchase. Again, in 1913, she began an action at law against Agnes Gannon Robertson, and attached the property in question as that of such defendant.

The explanation of these inconsistencies is that reference was had only to the interest which her associate had in the property. It is not a very satisfactory explanation. On the other hand, the outstanding fact in the case is the long-continued occupancy of the property as a homestead by the defendant, supported, as it is, by undoubted evidences of title in the original occupation. Nor is there any other evidence that Agnes had become the exclusive owner of the property, except the alleged admissions of the defendant. On this question of fact, therefore, we are not disposed to interfere with the finding of the trial court. The case is quite as strong in its facts in favor of the defendant as was the recent case of *Perry v. Adams,* 179 Iowa 1215.

II. On the trial, the plaintiff developed evidence tending to show the existence of a partnership between the defendant and Agnes Gannon Robertson. On the theory of such partnership, he argues that there was no right of homestead to the individual in the partnership property, and that this is especially so where the partnership is insolvent. The issue thus argued was not tendered in the petition. We will not, therefore, pursue it. Furthermore, the plaintiff would be in no position to make such a contention, even by his pleadings. It is because the bankruptcy court found the homestead right as existing that the plaintiff has been permitted to pursue his remedy in equity in the state court to establish his claim as a lien thereon to the exclusion of the general creditors, on the ground that his claim antedates the acquisition of the homestead. If the bankruptcy court had found in accordance with the plaintiff's present contention, that the property was partnership property,

2. APPEAL AND ERROR: grounds for review: issues not pleaded.

3. BANKRUPTCY: right of bankrupt: exemption of homestead: remedies.

and that, therefore, the defendant had no right of home-stead therein, the plaintiff could never have found his way into the state court to pursue his present remedy. He would have remained in the bankruptcy court, and would have participated with all other creditors in the distribution of the property upon which he now claims a lien in preference to the general creditors. If

4. PARTNERSHIP: dissolution: creditors.

there was a partnership, it was never dissolved, in any formal sense, either by contract or notice. As to the creditors, therefore, it would continue to exist. It is sufficient to say, therefore, that the point is not available to the plaintiff.

III. It appears that, in the final settlement between the defendant and Agnes Gannon Robertson, whereby the property was conveyed by S. J. Robertson to the defend-ant, it was provided that the defendant should hold Agnes Gannon Robertson harm-

5. HOMESTEAD: acquisition and establishment: legal title: occupancy: extent of interest.

less against any joint liability for debts jointly incurred by them. It is argued, therefore, that this was an undertaking on the part of the defendant to pay all debts for which she and Agnes Gannon Robertson were jointly liable, and that such undertaking was a part of the purchase price in the final acquisition of the title to the real estate. It is further argued that the purchase price necessarily antedates the acquisition of the homestead, and that, for this reason alone, the claims of the plaintiff should be established as liens upon the same. It does not appear that the claims in question were joint liabilities of the defendant and Agnes Gannon Robertson. They ceased their joint affairs on or before September, 1911, and it does not appear that Agnes Gannon Robertson had anything to do thereafter with any transaction jointly with the defendant. The claims held by plaintiff arose subsequently to such date.

His principal claim is a promissory note, signed by the defendant alone. Furthermore, the date of the purchase of the outstanding interest of Agnes Gannon Robertson in the property occupied by the defendant as a homestead was not the date of the acquisition of the homestead. It is not essential to the acquisition of a homestead, within the meaning of the statute, that the claimant have a perfect or complete legal title. It is essential that he have a sufficient title to justify his occupancy. Occupancy under such a title will justify a claim of homestead right, subject to the limitations of the statute. Under Section 2978, Code Supplement, 1913, certain limitations are put upon the area and value of a homestead. It shall not exceed one half an acre in area in a city, nor exceed 40 acres outside a city, except that it may be enlarged to a valuation of $500. In *Yates v. McKibben*, 66 Iowa 357, it was held that these dimensions and value are to be ascertained on the basis of a fee-simple title, even though the actual title of the claimant be less than a fee-simple title. If a homesteader. own an undivided one-half interest in 80 acres of land, he may not assert a homestead right in the entire 80 acres, nor treat his undivided half as the equivalent of 40 acres. His homestead right will be confined to an area of 40 acres, even though his title be only an undivided half thereof. The logical corollary of this holding is that, to the extent of the area permitted by the statute, a homesteader with an imperfect and incomplete title may yet acquire the homestead right within the statutory limit, and may thereafter perfect or complete his title to the homestead area. Likewise, he may improve his homestead and add to its value. The date of the acquisition of the homestead is not thereby changed.

Upon the whole record, we reach the conclusion that the date of acquisition of defendant's homestead was in May, 1904, and that, notwithstanding the various devolu-

tions of title since that time, her occupancy of her homestead has been continuous, and her right of occupancy has been unchallenged. The decree entered below will, therefore, be—*Affirmed.*

Ladd, C. J., Preston and Salinger, JJ., concur.