John R. Lennert, Appellee, v. C. F. Cross, Sheriff, et al., Appellants.

No. 41191.

April 5, 1932.

Supplemental Opinion October 25, 1932.

Rehearing Denied January 13, 1933.

P. E. Roadifer, for appellants.

C. W. Kellogg, for appellee.

Morling, J.—It is not disputed that the property in question is the homestead of the plaintiff. Defendants' contention is that the indebtedness represented by the judgment antedated plaintiff's title. The land was owned by plaintiff's father, but has been in the oc-

cupancy of plaintiff as his home for more than 25 years before the trial. The undisputed evidence is that, 25 years before the trial, which was in January, 1930, the father called his children together (his wife being present), saying as his purpose, "he was going to divide his land * * *. He said he was going to give a description of each place so that they would know what they drawed. He had a description of each piece of land and he had it written on a paper and had those papers on the table, turned upside down, each separate. He directed the children to draw, from the oldest down * * *. They each drew. I know John Lennert [plaintiff] drew the piece he now has. It was then unimproved. He built a house the fall before he was married, and in the spring I think that was a year after the drawing. * * * I believe it was stated at that time what farm land was to be paid rent on as long as he needed the money for his support and the support of Mrs. Lennert, and that was to be $1 per acre."

Plaintiff's sister testified:

"He said he wanted to give the older children a home, because they were renters, at that time. * * * He just said we younger children wouldn't draw because we were at home yet."

Another sister testified:

"He just said he was going to divide up his land and that he thought that would be the best way to divide it, by each of us drawing our own. * * * John, Kate, myself and Mollie drew. The two other children were smaller. We did not draw for the land father occupied at that time. * * * John took possession right after he was married. This drawing was just a short time before he was married. I think he broke out some ground before he was married."

Plaintiff testified:

"I was married 25 years ago. * * * I have lived on this land 25 years. * * * I broke 20 acres up before I moved on it. It was then pasture land. At that time there was no improvements on it, just a fence around it. I put on a house, barn and shed, hog house, hen house, machine shed, corncrib and waterworks. I put the house on before I was married. I occupied premises ever since I was married, except one year I moved to Woodbine, so my wife could take treatments. * * * Q. Now whom did you get to consent to move on

these premises? (Objection.) A. My father. I paid all the taxes on the land. Q. Did you pay rent? (Objection.) A. Yes, sir, $1 per acre when he wanted it."

It is stipulated that plaintiff acquired title to the property "by virtue of the terms of his father's will." The will has been admitted to probate, but its terms are not set out in the record. A part of the indebtedness and the earliest represented by the judgment was contracted in 1915.

Defendants argue, "Parol evidence is not competent to establish a contract creating an interest in the land." Defendants were not parties to the agreement between plaintiff and his father, nor do they claim under the father. Neither the statute of frauds nor the parol-evidence rule is available to the defendants, who are entire strangers to the parol agreement and to the title. Shedenhelm v. Cafferty, 174 Iowa 195.

The testimony objected to was given by those who apparently are the father's successors in interest and without objection by them. Defendants are not within the class who may raise the objection of incompetency of a witness to testify to personal transactions with a deceased person. Harrow v. Brown, 76 Iowa 179.

Defendants urge that "to entitle a person to claim homestead he must have a legal, certain and immediate interest and sufficient title to justify the occupancy as a homestead,"—citing Rutledge v. Wright, 186 Iowa 777, Perry v. Adams, 179 Iowa 1215, 1223.

Perry v. Adams, 179 Iowa 1215, 1217, was a similar case. The court said:

"That the property in controversy was the homestead of George W. Adams at the time these actions were commenced, is not disputed. The burden, therefore, rests upon the plaintiffs to show that the homestead was acquired, and the homestead rights attached, after the debts were contracted upon which the judgments were entered."

The homestead right was sustained.

In Rutledge v. Wright, quoted in American Savings Bank v. Willenbrock, 209 Iowa 250, 254, it is said:

"'It is not essential to the acquisition of a homestead, within the meaning of the statute, that the claimant have a perfect or complete legal title. It is essential that he have a sufficient title to jus-

tify his occupancy. Occupancy under such a title will justify a claim of homestead right, subject to the limitations of the statute.' "

It was further stated in the Rutledge case:

" 'The logical corollary of this holding is that, to the extent of the area permitted by the statute, a homesteader with an imperfect and incomplete title may yet acquire the homestead right within the statutory limit, and may thereafter perfect or complete his title to the homestead area. Likewise, he may improve his homestead and add to its value. The date of the acquisition of the homestead is not thereby changed.' "

On the record before us there can be no doubt that the father intended to give the land in controversy to the plaintiff, with a reservation of the right to receive $1 per acre per year towards the support of himself and his wife, both of whom are now dead, the wife having predeceased plaintiff's father. There can be no doubt that the father so declared his intention to the plaintiff and to all his children, all of whom ever since have consistently recognized this purpose and intention. There can be no doubt that pursuant to such expressed purpose the father immediately delivered to plaintiff the subject of the gift; that pursuant thereto plaintiff moved upon the property, made valuable improvements upon it, and has occupied it as his home ever since, except the one year, as to which no contention is made. The father evidently retained the legal title until his death, as he retained the right to the $1 per acre which was called rent. The rent, however, was not the rent reserved by a landlord on a demise of premises for years. The gift has now been fully consummated, not only by delivery, performance of conditions, and making of valuable improvements, but by the transmission of the full legal title. We need not pursue the inquiry into the legal rights originally of the parties to the agreement, the plaintiff and his father. The understanding has been fully performed on their part. Plaintiff did have and exercise the right to the possession and to the enjoyment of the property as his home, on the understanding that the property had been given to him as his own. His incipient title has become consummate. His title has always been recognized by the parties in interest. His present title began when he took possession under the gift. He then made the land his home. His present title is a continuation and consummation of the interest

which he had at the time when he first made his home upon the land. His homestead exemption has been continuous and unbroken, and dates from the time of his original occupancy as his home. In addition to the cases above cited, see Pelan v. DeBevard, 13 Iowa 53; Foster v. Rice, 126 Iowa 190; Lessell v. Goodman, 97 Iowa 681; Livasy v. State Bank, 185 Iowa 442; Wertz v. Merritt, 74 Iowa 683. —Affirmed.

WAGNER, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.

### SUPPLEMENTAL OPINION.

PER CURIAM.—In his petition for rehearing the appellant herein urges upon us very earnestly that the opinion filed herein is directly contradictory to our holding in Wertz v. Merritt, 74 Iowa 683. The Wertz case is cited in the opinion filed, but is not analyzed or discussed. There is a close similarity between the two cases so far as the pleadings are concerned. There is, however, a vital difference in the finding of facts upon which the decision is predicated in the two cases.

In the Wertz case Joseph Wertz was one of three children who survived their father. The father died intestate, seized of real estate which became the subject of partition between the heirs. One of the heirs brought a partition suit in which Joseph was named as a defendant. In such partition suit he interposed the defense that he was the absolute owner of a certain 40-acre tract described by him, pursuant to an oral agreement with his father in his lifetime; that such agreement was followed by the occupancy of said land by Joseph for a period of 20 years before his father's death; that the oral agreement was, in substance, that Joseph should pay a rental thereon to his father during the life of the father as a consideration for the agreement; that Joseph entered upon the tract and improved the same by building a house thereon and by occupying the same for 20 years. The alleged agreement was denied by the heirs. The offer of Joseph to prove the oral agreement of his father by his own testimony was objected to by the other heirs, and this court sustained the objection upon a consideration of the case on appeal. In the absence of such evidence, Joseph lacked proof, and this court held that the agreement was not proved. Partition in kind was actually decreed in the district court, and the referees awarded to Joseph 36 acres out of the disputed 40-acre tract and included his improve-

ments upon such 36 acres. The partition decree confirmed his title as reported by the referees. Manifestly such title had its origin at the date of the death of the father. Merritt Brothers were judgment-creditors of Joseph. Their lien antedated the death of the father and therefore antedated the acquisition of title of Joseph as determined in the partition suit. Upon such a state of facts, this court sustained the right of the judgment-creditor to claim a lien upon the property superior to the homestead right of Joseph.

In the case at bar Lennert was permitted to prove his oral contract with his father over the objection of the judgment-creditor, on the ground that such judgment-creditor is not one who claims by, through, or under the ancestor. No objection to Lennert's testimony was offered by any heir. The finding of fact therefore in this case is vitally different from that found in the Wertz case. There is no inconsistency between the two decisions.

The petition for rehearing is accordingly overruled.