# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-1373

_____

-----------------------------------------------
*In re* Francis P. Takes; Mary L. Takes,   *

   *

   Debtors   *

-----------------------------------------------   *

LaSalle Bank, N.A.; Valley Bank,   *   Appeal from the United States

   *   District Court for the

   Appellees,   *   Northern District of Iowa.

   *

   v.   *

   *

Francis P. Takes; Mary L. Takes,   *

   *

   Appellants,   *

_____

Submitted: September 25, 2006
Filed: January 10, 2007

_____

Before LOKEN Chief Judge, SMITH and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

In this Chapter 7 bankruptcy proceeding, debtors Frank and Mary Lu Takes claimed a homestead exemption in Unit No. 4 of the Garnett Place Townhomes in Cedar Rapids, Iowa, where they have lived since 1994 and which they purchased in 2004. Creditors LaSalle Bank and Valley Bank objected to the exemption, arguing that under Iowa law -- which governs this issue by reason of 11 U.S.C. § 522(b) and

Iowa Code § 627.10 -- debtors' homestead may be sold to satisfy debts to the banks that were "contracted prior to [the homestead's] acquisition" in 2004. Iowa Code § 561.21(1). The bankruptcy court upheld the exemption, but the district court[1] reversed and remanded, concluding that the exemption is limited to the portion of the purchase price paid with proceeds of the debtors' prior leasehold interest in the property. In re Takes, 334 B.R. 642 (N.D. Iowa 2005). Both sides appealed.[2] The banks have dismissed their appeal. The issue remaining is the debtors' contention that the district court erred in applying Iowa Code § 561.21(1). We affirm.

In 1994, debtors entered into a Residency Agreement with Garnett Place Townhomes, L.C. (GPT), granting them occupancy of Unit 4 "for the life of the residents" in exchange for a $110,000 Residency Entrance Fee, refundable at least in part upon termination of the agreement, and a non-refundable monthly fee of $300 per month. The Agreement denied debtors the right to assign their interest or to sublet Unit 4 and granted GPT complete discretion to enter into a residency arrangement with another resident after termination. In 2004, debtors purchased Unit 4 as a condominium for $177,300. GPT credited $125,773 of the purchase price against debtors' refundable Residency Entrance Fee (increased by an appreciation factor).

It is undisputed that debtors presently own and occupy Unit 4 as their homestead. They are therefore entitled to the homestead exemption in Iowa Code § 561.16, subject to the exceptions set forth in § 561.21. Their debt to the banks arose in 1999. Thus, in applying the prior debts exception in Iowa Code § 561.21(1), the critical question is whether debtors' present homestead interest was acquired in 1994,

---

[1]The HONORABLE LINDA R. READE, Chief Judge of the United States District Court for the Northern District of Iowa.

[2]Though the district court remanded for further Chapter 7 proceedings, it is settled that a district court order resolving a significant exemption issue is immediately appealable under 28 U.S.C. § 158(d). See In re Huebner, 986 F.2d 1222, 1223-24 (8th Cir. 1993).

when they first occupied Unit 4 under the Residency Agreement, or in 2004, when they purchased Unit 4 as a condominium.

Under Iowa law, it is well-settled that "a leasehold interest which may be sold on execution may constitute a homestead." White v. Danforth, 98 N.W. 136, 137 (Iowa 1904). On the other hand, when a simple landlord/tenant relationship creates no such property value, "occupancy as lessee [is] absolutely inconsistent with a claim of homestead right." Bradshaw v. Remick, 57 N.W. 897, 898 (Iowa 1894). Thus, when a couple occupying their residence as lessees or tenants acquire full ownership, for example by inheritance or purchase, numerous Iowa cases hold that the ownership interest creates a new homestead for purposes of § 561.21(1) because the prior "leasehold right was entirely independent of that now held." Wertz v. Merritt, 39 N.W. 103, 105 (Iowa 1888); accord Reusch v. Shafer, 41 N.W.2d 651, 658 (Iowa 1950); Kramer v. Hofmann, 257 N.W. 361, 364 (Iowa 1934); Anderson v. Cosman, 72 N.W. 523, 525 (Iowa 1897). In cases of this sort, a debtor's homestead right will relate back to a prior transaction for purposes of § 561.21(1) only when the present ownership interest is dependent upon or derived from an ownership interest (whether legal or equitable) created by the prior transaction, as in Lennert v. Cross, 241 N.W. 787, 789 (Iowa 1932), and Foster v. Rice, 101 N.W. 771, 772 (Iowa 1904).

Applying these precedents, correctly in our view, the district court undertook a careful analysis of the Residency Agreement and concluded that it granted debtors a leasehold interest distinct from and independent of the fee simple ownership interest they acquired by purchase in 2004. The two interests were homesteads because of debtors' continuous occupancy. But because the two were independent of each other, the court held that the debt to the banks was prior to the present homestead for purposes of Iowa Code 561.21(1). However, recognizing that the substantial refundable Residency Entrance Fee paid by debtors in 1994 created a leasehold interest that could have been sold at execution, the court further concluded that debtors should receive a partial exemption under Iowa Code § 561.20 to the extent

that these proceeds of the first homestead ($125,773) were used to acquire their new homestead, a full ownership interest in Unit 4 as a condominium. The banks dismissed their appeal of this second ruling.

After careful review of the record, we conclude for the reasons stated in the district court's thorough opinion that the court properly applied Iowa Code §§ 560.20 and .21 in limiting the debtors' homestead exemption in Unit 4 to the proceeds of their prior leasehold interest that were reinvested to purchase the property in 2004. Accordingly, the order of the district court dated December 5, 2005, is affirmed.

_____